Argued and submitted March 12, affirmed September 15, 1982

DORTCH,
*Appellant,*
*v.*
A. H. ROBINS CO., INC.,
*Respondent.*

(No. A8009-05162, CA A21613)

650 P2d 1046

Frank J. Susak, Portland, argued the cause and filed the brief for appellant.

Steven K. Blackhurst, Portland, argued the cause for respondent. On the brief were Rick T. Haselton, Steven K. Blackhurst and Lindsay, Hart, Neil & Weigler, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Plaintiff brought this product liability action seeking damages for personal injuries allegedly caused by a Dalkon Shield intrauterine birth control device, manufactured and sold by defendant. Defendant moved for judgment on the pleadings under ORCP 21B, on the ground that ORS 30.905, the applicable statute of limitations, barred the claim. The trial court allowed the motion and entered judgment for defendant. Plaintiff appeals. We affirm.

The facts before us are those alleged in the complaint. On or about May 1, 1971, a Dalkon Shield was inserted in plaintiff for the purpose of birth control. From 1972 through 1976, she suffered chronic intrauterine infections causing a build-up of scar tissue in her left fallopian tube. This condition resulted in a tubal pregnancy, requiring an ectopic tubal abortion December 1, 1977. On December 4, 1977, plaintiff underwent a tubal ligation to prevent further tubal pregnancies. As a consequence of this procedure, she can no longer bear children.

Plaintiff alleged that these injuries were caused by the Dalkon Shield and that this device "was unreasonably dangerous as a product * * * due to its basic design * * *." She further alleged that she "did not learn, nor did she have reason to learn, of the relationship between the defective nature of the [product] and her [physical injury] * * * until * * * about May 1, 1980." The complaint was filed September 11, 1980; *i.e.,* the action was commenced approximately nine years and four months from the date the Dalkon Shield was purchased and two years and nine months from the date of the tubal ligation.[1]

The parties agree that the applicable statute of limitations is ORS 30.905, which provides as follows:

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) A product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

---

[1] *See* diagram at n 1 of dissent, *infra* at 326.

Plaintiff contends that this statute does not bar the action, relying on our holding in *Baird v. Electro Mart,* 47 Or App 565, 615 P2d 335 (1980), that a product liability action is not barred by ORS 30.905(1), although commenced more than eight years after the date of purchase, as in this case, so long as the following requirements are met: (1) the injuries were sustained within eight years of the product's purchase; (2) the action was brought within ten years of the product's purchase; and (3) the requirements of ORS 30.905(2) are met.

Plaintiff does not dispute that her action would be barred if the two-year limitation of ORS 30.905(2) began to run on December 4, 1977, the date of the tubal ligation, which was the last injury alleged to have been caused by the Dalkon Shield. She contends, however, that ORS 30.905(2) does not bar the action, because the "discovery doctrine" recognized in *Schiele v. Hobart Corporation,* 284 Or 483, 587 P2d 1010 (1978), delays the accrual of a cause of action in a product liability case until the date on which the plaintiff discovered or should have discovered that defendant's product had caused her injuries; and that "this extension is subject only to the ten-year period of ultimate repose" provided by ORS 30.905.

Defendant responds that the filing of this action complies with neither subsection (1) nor subsection (2) of ORS 30.905, because the action was filed more than eight years from the date of purchase and more than two years from the date of injury. Defendant argues that the language and the legislative history of ORS 30.905(2) preclude recognition of a discovery rule,[2] but that, even if a discovery

---

[2] A review of the legislative history affords no help in determining what the legislature may have intended with respect to a discovery rule. Defendant points out that "[i]n 1981 the legislature considered and refused to adopt SB 800, which would have amended ORS 30.905 to provide a discovery rule for product claims." SB 800 would have amended ORS 30.905, insofar as is relevant to discovery, as follows:

"(3) A product liability civil action for damages resulting from disease having an identifiable latency period and which resulted from a material, substance or emission entering the body of the plaintiff shall be commenced not later than two years after the date on which the plaintiff first discovered, or in the exercise of reasonable care, should have discovered the disease and the cause thereof."

rule were to be applied, this claim would still be barred, because the "injury" would not have *occurred* until plaintiff learned of its cause in May, 1980, nine years after the date of purchase. In other words, defendant contends that, if a discovery rule is applied, the date of the injury's occurrence should be interpreted to mean the date of discovery, and that our holding in *Baird v. Electro Mart, supra,* requires that such discovery take place within eight years of the date of purchase, with the result that this action is barred.

We note, in addition, that in its original form, ORS 30.905 expressly provided for the application of a time-of-discovery rule. Section 7 of HB 3039 provided as follows:

"(1) Notwithstanding ORS 12.115, a product liability civil action shall be commenced within _____ years from the date when the injury occurs, is discovered or in the exercise of reasonable care should have been discovered. However, every product liability civil action shall be commenced within the shorter of the following periods:

"(a) _____ years from the date the product is first purchased for use or consumption; or

"(b) A period of time equal to the anticipated life of the product and commencing on the date the product is first purchased for use or consumption.

"(2) This section does not apply to a product liability civil action based upon a breach of an express warranty."

We are unable to find in the records of the Judiciary Committee or the Senate Committee on Trade and Economic Development, which also considered the bill, any indication that the language of Section 7 concerning discovery of the injury was discussed or referred to by members of the committee or witnesses, or that there were discussions of the problems of discovery of injuries from defective products generally. *See* Minutes, House Committee of Judiciary, April 18, and May 5, 11, 16 and 27, 1977; Minutes Senate Committee on Trade and Economic Development, June 21, 1977.

We decline to draw any inference from the legislature's refusal to pass SB 800 in 1981 or HB 3039. We would be choosing among quite different interpretations, with no expressions of intent to guide us. The legislature may have omitted the language for any number of reasons: (1) the legislature did not want ORS 30.905 to be construed as incorporating a time-of-discovery rule; (2) the legislature wished to follow the course it had established with respect to judicial construction of the then applicable statute of limitations, ORS 12.110, by not expressly providing a discovery rule but leaving to the courts the option to so construe ORS 30.905 and relying on the ultimate repose provisions of that statute to establish an ultimate cut-off date for commencing product liability actions, regardless of when the damage resulted or when the act or omission was discovered; (3) it may well be that the legislature did not consider the problem of discovery at all. Our reluctance to rely on the legislative history in this case is consistent with our holding in *OSEA v. Workers' Compensation Dept.,* 51 Or App 55, 59, 624 P2d 1078, *rev den* 291 Or 9 (1981), in which we stated that:

■ We conclude that, although *Schiele v. Hobart Corporation, supra,* was decided under another statute of limitations, a discovery rule does apply to product liability actions. We conclude, however, the discovery rule does not operate to *extend* the eight-year statute as will be discussed below.

We agree with plaintiff that, notwithstanding the provisions of ORS 30.905(1), a product liability action filed more than eight years after the date of purchase is not necessarily barred by ORS 30.905. On its face, ORS 30.905 appears to require that product liability actions be commenced, *i.e.* filed, no later than eight years after the date of purchase and within that period, no more than two years after the occurrence of the injury. Under such construction, a plaintiff injured by a product on the last day of the sixth year would have two years to file a complaint. A plaintiff injured after that time, but still within eight years, would have less time, but in no event more than eight years after the purchase in which to file a complaint. That construction was rejected in *Baird v. Electro Mart, supra.*

In *Baird,* we decided that, despite the legislative language, it was clear that the drafters of ORS 30.905 intended a result consistent with a policy to limit a manufacturer's liability exposure to a ten-year period and to afford all plaintiffs injured within that period a two-year period of time in which to commence an action. In *Baird* we stated:

> "* * * The committee determined, as a policy matter, that it wished to limit the manufacturer's exposure to a ten-year period. After extensive discussion the committee adopted the following motion:
>
> " 'THE QUESTION WAS CALLED ON REP. RUTHERFORD'S MOTION TO REDUCE THE PERIOD OF ULTIMATE REPOSE TO 8 YEARS FROM THE

---

"* * * [P]etitioner's reasoning is not persuasive. An amendment to a statute may be defeated for many reasons. The failure of the legislature to pass a particular proposal is of dubious value in interpreting the legislation which was passed. *Springfield Ed. Assn v. Sch. Dist.,* 24 Or App 751, 547 P2d 647 (1976), *modified* 25 Or App 407, 549 P2d 1141 (1976)."

To the same effect, *see Berry v. Branner,* 245 Or 307, 310-11, 421 P2d 996 (1966) (discovery under ORS 12.110).

DATE OF FIRST PURCHASE FOR USE OR CONSUMPTION AND TO PROVIDE A 2 YEAR LIMITATION FOR OCCURRENCE OR LIABILITY THAT OCCURRED IN THE 8 YEAR PERIOD.' Minutes, House Committee on Judiciary, May 16, 1977.

"It is clear that the committee intended that if an injury occurred within the eight-year period the injured party would have two years from the date of the injury to commence the action. * * *

"* * * * *

"It is clear from the discussions of House Bill 3039, which became ORS 30.905, what the legislative objective was. The legislature wanted to enact a ten-year period of ultimate repose for product liability actions comparable to the period set out in ORS 12.115. The committee discussions indicate this objective was to be accomplished by providing that if an injury occurred within eight years of the date the product was first purchased, the injured party had an additional two-year period following the injury to bring the action. That two-year period was characterized as a 'grace period' by the committee. * * * Accordingly, we hold that ORS 30.905 allows commencement of an action for injury based on product liability within two years of the injury complained of if the injury occurred within eight years of the first purchase of the product for use or consumption. * * *" 47 Or App at 570, 572.

In *Baird,* the injury and the plaintiff's discovery of the defendant's causal connection with the injury were simultaneous. We therefore had no occasion to define or construe the term "injury" or to discuss the significance of that term in the context of a case in which a physical injury occurs within eight years of the date of purchase, but defendant's causal involvement is not discovered until after that period. In the context of *Baird,* the "injury" referred to was an actionable injury, *i.e.,* its causal connection with the defendant was known. The key to the resolution of this case does not turn, as plaintiff claims, upon whether a discovery rule applies to product liability actions. It turns instead upon our determination of when an injury occurs for the purposes of analyzing statutes of limitation.

In determining when the injury occurred, we start with the proposition that ordinarily the terms of a statute

are construed in accordance with their plain or common meaning. *See Satterfield v. Satterfield,* 292 Or 780, 643 P2d 336 (1982); *Perez v. State Farm Mutual Ins. Co.,* 289 Or 295, 299, 613 P2d 32 (1980). However, if the terms of the statute have a well-defined legal meaning, the court should give the terms *that meaning. State v. Dumond,* 270 Or 854, 858, 530 P2d 32 (1974). The "date on which the * * * injury * * * complained of occurs" would appear to have a "common meaning"; however, as recent decisions by the Supreme Court and this court demonstrate, such language in statutes of limitation has also been held to have a "legal meaning."

As observed in *Shaughnessy v. Spray,* 55 Or App 42, 48-49, 637 P2d 182 (1981), *rev den* 292 Or 589 (1982):

> "The tendency of the Supreme Court and this court in recent years has been to interpret statutes of limitations as commencing to run at the time of the plaintiff's reasonable discovery of the defendant's causal involvement. * * *" (Citing *Dowers Farms v. Lake County,* 288 Or 669, 607 P2d 1361 (1980) (Tort Claims Act); *Repp v. Hahn,* 45 Or App 671, 609 P2d 398, *rev den* 289 Or 373 (1980) (Wrongful Death Act); *White v. Gurnsey,* 48 Or App 931, 618 P2d 975 (1980) (defamation); *Schiele v. Hobart Corporation, supra,* (product liability and negligence)).

The decision in *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966), provided the foundation for that trend. In *Berry,* the plaintiff alleged that a physician had left a surgical needle in her abdomen. The surgery was performed in 1956, but the needle was not discovered until 1965. The applicable statute, ORS 12.110(1), provided that actions "for any injury to the person * * * shall be commenced within two years," and ORS 12.010 provided that the two-year period began to run when the "cause of action * * * *accrued."* (Emphasis added.) The court held that the cause of action had accrued at the time the plaintiff discovered or reasonably should have discovered the injury and the object that caused it. The *Berry* majority was critical of the opinion in *Vaughn v. Langmack,* 236 Or 542, 390 P2d 142 (1964), where the court had held the discovery principle to be inapplicable in such a case, for placing "too much emphasis" on "legislative intent as deduced from the statutory history" and not enough emphasis "upon

legislative intent as determined from the ordinary *legal* meaning of the word 'accrued.'" (Emphasis added.) 245 Or at 310. Following an examination of that term's "ordinary legal meaning," the court concluded as follows:

> "* * * To say that a cause of action accrues to a person when she may maintain an action thereon and, at the same time, that it accrues before she has or can reasonably be expected to have knowledge of any wrong inflicted upon her is patently inconsistent and unrealistic. She cannot maintain an action before she knows she has one. * * *" 245 Or at 312.

In *U.S. Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976), the Supreme Court decided that a cause of action for legal malpractice did not "accrue" under ORS 12.110 "until the *occurrence* of the harm," (emphasis added) 274 Or at 668, and that damage *occurred* when the plaintiff was aware, or should have been aware, that the harm *was caused* by the defendant.

In *Schiele v. Hobart Corporation, supra,* the plaintiff brought an action based upon theories of product liability and negligence against the manufacturer of a meat-wrapping machine and others, seeking damages for injuries allegedly caused by polyvinyl chloride fumes produced by the machine. She filed her complaint more than three years after she first associated her health problems with breathing the fumes, but less than two years after being informed by a physician of the nature of her disease and its possible cause. As in *Berry v. Branner, supra,* and *U.S. Nat'l Bank v. Davies, supra,* the court in *Schiele* had to determine "when the two-year statute of limitations contained in ORS 12.110(1) begins to run *(i.e.,* the cause of action accrues) on [plaintiff's claim]." 284 Or at 487. The court did not rely upon the analysis in those decisions but turned instead to the decisions in *Urie v. Thompson,* 337 US 163, 69 S Ct 1018, 93 L Ed 2d 1282 (1949); *Hutchison v. Semler et al,* 227 Or 437, 438, 361 P2d 803, 362 P2d 704 (1961); and *Associated Indem. Corp. v. Industrial Accident Commission,* 124 Cal App 378, 12 P2d 1075 (1932), all involving claims by plaintiffs who, like the plaintiff in *Schiele,* sought recovery for "an occupational disease." The court concluded that:

"These cases stand for the proposition that the statute of limitations on claims involving negligent infliction of an occupational disease does not begin to run until the plaintiff knows, or as a reasonably prudent person should know, that he has the condition for which his action is brought and that defendant has caused it. * * *" 284 Or at 489.

Accordingly, the court held as follows:

"The statute of limitations begins to run when a reasonably prudent person associates his symptoms with a serious or permanent condition and *at the same time perceives the role which the defendant has played in inducing that condition. * * *"* (Emphasis added.) 284 Or at 490.

■ It is thus clear that the term "injury" has both a common and a legal meaning and that our cases and those of the Supreme Court have essentially settled the issue that, when used in construing a statute of limitations, the term "injury" is to be given its legal meaning. "Injury" in the legal sense means a physical injury which the plaintiff knows or as a reasonable person should know was caused by the defendant. That is when the legal injury occurs. *U.S. Nat'l Bank v. Davies, supra; Repp v. Hahn,* 45 Or App 671, 609 P2d 398, *rev den* 289 Or 373 (1980); that is when the tort is committed, *Dowers Farms v. Lake County,* 288 Or 669, 607 P2d 1361 (1980); that is when the cause of action accrues and when the statute of limitations commences to run. *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966); *Shaughnessy v. Spray,* 55 Or App 42, 48-49, 637 P2d 182 (1981), *rev den* 289 Or 589 (1982).

In *Baird* we held that the injury must occur within eight years of the date the product was first purchased. Plaintiff would have us hold that the injury which must occur within eight years is only the physical injury, and that the legal injury *(i.e.,* a physical injury concerning which the plaintiff has or should have identified defendant's causal involvement) causing the commencement of the running of the two-year statute of limitations need only occur within ten years.

In *Baird* we construed ORS 30.905 to permit

"* * * commencement of an action for injury based on product liability within *two years of the injury* complained of *if the injury* occurred within eight years of the first

purchase of the product for use or consumption." (Emphasis added.) 47 Or App at 572.

In other words, we said that there must be an injury within eight years and the action must be commenced within two years of the injury. There is no sound reason for saying that the two-year statute of limitations does not commence to run unless there is an actionable, *i.e.,* legal injury, but to say that the injury which must occur within eight years need not be one upon which an action could then be brought. The difficulty with plaintiff's argument is that she asks us to construe the term "injury" to mean two different things in the context of the same statute. The difficulty is avoided if the "injury" which we said in *Baird* must occur within eight years and the injury triggering the running of the two-year statute of limitations in ORS 30.905(2) are construed consistently to mean "legal injury."

■ The statute of limitations cannot start to run until a claim is actionable. Under the cases referred to above, a cause of action is not actionable until a physical injury occurs and until the defendant is recognized as the source of the harm. In this case, that did not occur within eight years. It is plain from ORS 30.905(1) that the date of purchase triggers the commencement of the running of the eight-year limitation period. If no cause of action accrues within eight years, the undiscovered claim is lost. In *DeLay v. Marathon LeTourneau Sales,* 291 Or 310, 315, 630 P2d 836 (1981), the Supreme Court said:

"* * * the intent of the legislature in enacting the statutes of ultimate repose was to supplement the applicable statute of limitations. Such a statute provides a time within which an action has to be brought and cannot be extended regardless of unfairness to the plaintiff. Failure to discover the defective work or practice until after the statute of ultimate repose had run would not toll the statute."

We held in *Baird v. Electro Mart, supra,* that, in order to effectuate the legislative intent, when an injury occurred within eight years, the plaintiff was afforded an additional period of two years in which to commence an action, even though part or all of that "grace period" was beyond eight years. In the context of *Baird,* the injury was actionable when it occurred. Although we did not have

occasion to say so there, an actionable injury within eight years is the *sine qua non* of the grace period.[3]

■ Under the construction urged by plaintiff, a plaintiff who discovers a physical injury on the date of purchase would have until the last day of the tenth year to discover a defendant's causal connection with the injury but would be required to file her claim on the same day.

Our construction is in accord with what we determined to be the legislative intent in *Baird*. It limits the manufacturer's liability to ten years and it gives each plaintiff a full two years to commence an action after the cause of action accrues. If a physical injury occurs on the date of purchase but defendant's causal involvement is not discovered until the last day of the eighth year, plaintiff has two years under *Baird* to bring her action, unless the evidence provides a basis for finding that her delayed discovery was unreasonable. If plaintiff does not discover the defendant's causal connection until after the eighth year, no cause of action accrues within eight years and the claim is barred. *DeLay v. Marathon LeTourneau Sales, supra.* That is the case here.

Affirmed.

**ROSSMAN, J.,** dissenting.

The application of statutes of limitation and statutes of ultimate repose often leads to harsh results; that is, actions otherwise meritorious, many times must be dismissed because they are not commenced within the time provided by law. The time-of-discovery rule mitigates the operation of statutes of limitation by providing that the period within which an action must be brought be measured from the time an injured person knew or should have

---

[3] This is consistent with ORS 30.905(1) which provides an action must be commenced within eight years of purchase "except as provided in subsection (2)." If an injury becomes actionable on the last day of the eighth year, the "exception" to the eight-year ultimate repose statute applies and the grace period operates to afford the plaintiff two years in which to commence the action.

This is also consistent with the House Committee on Judiciary's motion *(infra,* p 5) to provide an eight-year period of ultimate repose and to provide a two-year limitation for *occurrence* or *liability* that occurred in the eight-year period. (Harm occurs in legal contemplation and liability results when plaintiff was or reasonably should have been aware that harm was caused by defendant. *U.S. Nat'l Bank v. Davies,* 274 Or 663, 668, 679, 548 P2d 966 (1976)).

known of his or her injury and its cause, thus eliminating the unrealistic requirement that the person file a suit before becoming aware of the injury or those responsible for it. A statute of repose establishes an ultimate time limit on the filing of an action, in this case ten years from the date of a product's purchase, whether or not an injury and its cause are known. Although the majority accepts the time-of-discovery rule and although plaintiff filed her action within the ten-year period of repose, the majority holds that this action is barred. I am convinced that *this* harsh result, which leaves plaintiff and others like her without remedy, is *not* required by the applicable statute. Therefore, I must respectfully dissent. This case should be reversed and remanded for trial.

In my opinion, the legislature did not intend ORS 30.905 to bar the claim of a plaintiff under these circumstances:

(1) plaintiff's *injury was sustained* and the *fact of her injury known* within *eight years* of the insertion of the Dalkon Shield;

(2) the action seeking recovery for that injury was *commenced* not later than *two years* from the date on which she knew or should have known of the *fact of the injury* and *defendant's causal connection with it;* and

(3) the action was *commenced* not more than *ten years* from the date of the Dalkon Shield's insertion.

The majority concludes that ORS 30.905 requires a cause of action to "accrue" within eight years and reasons that, because plaintiff alleges in her complaint that she did not *learn* of defendant's causal connection with her injury until approximately nine years after the date of the Dalkon Shield's insertion, her action is barred. The majority's construction is based on the following assumptions and deductions therefrom:

(a) "In *Baird [v. Electro Mart,* 47 Or App 565, 615 P2d 335 (1980)], we decided * * * that the drafters of ORS 30.905 intended a result consistent with a policy to limit a manufacturer's liability exposure to a ten-year period and to afford all plaintiffs *injured* within that period a two-year period of time in which to commence an action." 59 Or App at 315. (Emphasis added.)

(b) " 'The committee discussions indicate this objective was to be accomplished by providing that if an *injury* occurred within eight years of the date the product was first purchased, the injured party had an additional two-year period following the *injury* to bring the action. \* \* \* ORS 30.905 allows commencement of an action for *injury* based on product liability within two years of the *injury* complained of *if the injury occurred within eight years* of the first purchase of the product for use or consumption. \* \* \*' 47 Or App at 570, 572." 59 Or App at 316, citing *Baird v. Electro Mart, supra.* (Emphasis added.)

(c) "In the context of *Baird,* the 'injury' referred to was an actionable injury, *i.e.,* its causal connection with the defendant was known. The key to the resolution of this case \* \* \* turns \* \* \* upon our determination of *when an injury occurs* for the purposes of analyzing statutes of limitation." 59 Or App at 316. (Emphasis added.)

(d) For the purposes of ORS 30.905(2), an injury is a legal injury and is "actionable" when "a physical injury occurs *and* \* \* \* the defendant is recognized as the source of the harm." 59 Or App at 320. (Emphasis added.)

(e) "[T]he *'injury'* which we said in *Baird* must occur within eight years and the *injury* triggering the running of the two-year statute of limitations in ORS 30.905(2) [should be] construed consistently to mean 'legal injury.' " 59 Or App at 320. (Emphasis added.)

(f) Because plaintiff did not "discover the defendant's causal connection until after the eighth year, no cause of action accrue[d] within eight years and [plaintiff's] claim is barred." 59 Or App at 321.

The majority's analysis depends largely on the validity of the assumption that it is appropriate to construe the "injury" to which we referred in our decision in *Baird v. Electro Mart,* 47 Or App 565, 615 P2d 335 (1980), to mean "legal injury," however the latter term might be defined. That assumption means, in effect, that the legislature intended that *any* event, regardless of its character, that initiates the running of the two-year limitation of ORS 30.905(2) must take place within the eight-year period of ORS 30.905(1), or else an action arising out of an injury *sustained* during that eight-year period is barred. This primary assumption and the resulting determination that application of a discovery rule to ORS 30.905(2) "pushes"

the date of plaintiff's "legal injury" beyond the eight-year period of ORS 30.905(1) and bars this action, as the majority holds, appear to have no basis or purpose other than the preservation of the symmetry attributed to the interaction of subsections (1) and (2) of ORS 30.905 by this court in *Baird* in a fundamentally different context on the basis of a legislative history that was silent on the problem of discovery.

Finally, the construction of ORS 30.905 adopted by the majority leads to a result contrary to the intent of the legislature to insure by the enactment of ORS 30.905 that a person sustaining an injury attributable to a defective product within eight years of the product's purchase would have a reasonable time within which to bring an action to recover damages for the injury.

## THE *BAIRD* DECISION

In *Baird v. Electro Mart, supra,* the plaintiff purchased a television on March 7, 1970. On January 1, 1978, within eight years of the date of purchase, the television exploded, causing a fire that damaged her home. She filed a product liability action on March 19, 1979, more than eight years from the date of purchase, but less than ten years from that date. The defendants contended that ORS 30.905 required that an action be commenced within two years of the injury, but in no event more than eight years from the date of the product's purchase. From a review of the legislative history of ORS 30.905, we determined that the legislature had intended to enact a *ten-year* period of ultimate repose for product liability actions comparable to the period set out in ORS 12.115, and that

> "* * * this objective was to be accomplished by providing that if an injury occurred within eight years of the date the product was first purchased, the injured party had an *additional* two-year period following the injury to bring the action. That two-year period was characterized as a 'grace period' by the committee. * * *" 47 Or App at 572. (Emphasis added.)

We determined that it would be inconsistent with the expressed intent to construe ORS 30.905 as imposing an

overall eight-year limitation on the filing of product liability action and held that:

> "* * * ORS 30.905 allows commencement of an action for injury based on product liability within two years of the injury complained of if the injury occurred within eight years of the first purchase of the product for use or consumption. It was error to sustain defendants' demurrer." 47 Or App at 572.

The majority observes that in *Baird* the "injury" and the plaintiff's discovery of its cause were simultaneous and that, therefore, we did not consider the issue presented here. In addition, we did not consider the implications of distinguishing the two events, whether occurring simultaneously or otherwise. Those implications in the context of a product liability action have become evident only in light of our decision today that a discovery rule should apply to such actions. Having acknowledged the difference between the two cases, the majority, nevertheless, attempts to adapt the holding in *Baird* to the circumstances of this case by conforming "injury" in *Baird* to the concept of "injury" that follows from construing a statute of limitations as incorporating a discovery rule. The two contexts are fundamentally different, and the application begs the question the resulting rule purports to resolve. Although it is certainly true, as the majority asserts, that (1) the "injury" in *Baird* was an "actionable" or "legal injury," and that (2) we held in *Baird* that ORS 30.905 allows commencement of an action for injury within two years of the injury complained of if the injury occurred within eight years of the product's purchase, it does *not* follow that the events we have determined here are required to occur before an "injury" becomes "actionable" must *also* take place within that eight-year period.

The majority has expanded the scope of our decision in *Baird* and then used *Baird* to support its holding. The process is analytically unsound, and the rule generated thereby, when applied, leads to results consistent only in the abstract.

(A) Comparison of Facts and Results in *Baird* and Present Case:[1]

| | *Baird* | *Plaintiff* |
|---|---|---|
| *Injury Sustained* | 7 years and 10 months from date of purchase | 6 years and 7 months from date of purchase |
| *Complaint Filed* | 9 years and 12 days from date of purchase | 9 years and 4 months from date of purchase |
| *Action Commenced Within Limitation Period of ORS 30.905(2)* | Yes | Yes[2] |
| *ORS 30.905 Bars The Action* | No | Yes[3] |

(B) *Baird* in a Discovery Context:

Assume the existence of the same sequence of events in *Baird,* except for the following: the *cause* of the fire in the plaintiff's home was unknown at the time of occurrence; the plaintiff did nòt *learn* the cause of the fire until she received a report from the fire department on

---

[1] The following illustration is helpful in understanding the sequence of events in this case.

[2] Under the construction of ORS 30.905(2) we adopt today.

[3] If ORS 30.905 *in fact* provided for an eight-year period of ultimate repose, *i.e.,* barred the *commencement* of actions beyond eight years from the date of purchase, both the action in *Baird and* the action in this case would, of course, be barred. *See* discussion at 11-12, *infra.*

April 7, 1978, eight years and one month from the date the plaintiff purchased her television.

| | |
|---|---|
| *Injury Sustained* | 7 years and 10 months from date of purchase |
| *Cause of Injury Learned* | 8 years and 1 month from date of purchase |
| *Complaint Filed* | (i) 9 years and 12 days from date of purchase |
| | (ii) Within 2 years of date injury sustained |
| | (iii) Within 2 years of discovery |
| *ORS 30.905 Bars the Action* | Yes |

The majority holds that "actionable injury within eight years [of the date of purchase] is the *sine qua non* of the grace period" and that "a cause of action is not actionable until a physical injury occurs and until the defendant is recognized as the source of the harm." In the example above, according to the majority's analysis, there was no actionable injury within eight years of purchase, therefore, the action would be barred. This is true, even though the complaint was filed within two years of the fire.

## LEGISLATIVE HISTORY

What was to become ORS 30.905[4] was introduced as HB 3039, Section 7, during the 1977 Regular Session of the legislature.[5] As originally drafted, HB 3039 contained

---

[4] Or Laws 1977, ch 843, § 3.

[5] The bill was sponsored by Representatives Magruder, Gilmour, Kulongoski, Markham, Martin, Van Vliet and Whallon, and its introduction and passage were advocated by members of the business community (particularly those engaged in the production and sale of industrial equipment) and members of the insurance industry. These advocates urged enactment of HB 3039 as a solution to what they asserted to be a "crisis" in the area of product liability insurance. The crisis was caused by ever-increasing product liability premiums which, according to supporters, cut deeply into profits forcing many businesses to either close or become self-insured and risk the loss of their assets to a single successful plaintiff. Those supporters attributed the increasing insurance costs to, among other things: large damage awards by juries; the increasing number of product liability suits; "liberal" and "unusual" interpretations of tort law by the courts; and actions arising out of injuries caused by old or modified products and equipment. Minutes, House Committee on Judiciary, April 18, 1977.

24 sections and was to be, in essence, a "renovation of the common law of products liability."[6] As part of the "renovation," the bill included provisions for a statute of ultimate repose and a statute of limitations to be applied to product liability actions.

---

[6] Vetri, *Legislative Codification of Strict Products Liability Law in Oregon*, 59 Or L Rev 363, 373 (1981). In this article, Professor Vetri notes that in its original form, HB 3039 embodied the following provisions:

"(1) A legislative definition of 'unreasonably dangerous' — 'dangerous to an extent beyond that which would be contemplated by the ordinary and reasonable purchaser * * *';

"(2) A limitation of liability to 'intended uses' instead of foreseeable uses;

"(3) A preclusion of liability to bystanders;

"(4) A rebuttable presumption against liability if conformity with industry practice is shown;

"(5) A total defense to liability if compliance with the state of the art is shown;

"(6) Evidence rules barring the admission for any purpose of evidence regarding changes in the state of the art or industry custom, or of evidence regarding changes in the design or manufacture of the product if the change took place after the design or manufacture of the product;

"(7) Statutory and regulatory safety provisions were to be inadmissible for any purpose;

"(8) A special product liability statute of ultimate repose;

"(9) A limitation on contingent fees;

"(10) A rule that modification of a product by a user would bar liability of the seller;

"(11) A limitation on punitive damages and a requirement that liability for those damages must be proven beyond a reasonable doubt; and

"(12) A procedure for a review panel to pre-screen the issues of liability and damages in products liability cases."

During the Judiciary Committee's work session on May 5, 1977, significant changes in both the form and substance were offered by the bill's proponents. The changes included a revision of the language of Section 7. *(See* 59 Or App at 313 n 2.) In effect, the sponsors and advocates of the bill, and the supporters of other product liability bills had agreed to withdraw their proposals, and to submit certain sections of HB 3039 in the form of proposed amendments, "for immediate passage." Minutes, House Committee on Judiciary, pp 1-2, May 5, 1977. Those sections requiring "immediate passage" were distributed as amendments to Sections 4, 6, 7 and 10 of HB 3039, Exhibits A, B, C and D, House Committee on Judiciary, May 5, 1977. The committee did agree to table the other product liability bills and thereafter considered HB 3039 in its proposed amended form, *i.e.,* consisting of only the proposed amended Sections 4, 6, 7 and 10. Proposed amended Section 7 provided that:

We stated in our discussion of the legislative history of ORS 30.905 in *Baird v Electro Mart, supra,* that these provisions were intended to correct specific problems arising from the application of ORS 12.115 and 12.110(1) to such actions; *i.e.,* (1) as applied to product liability actions, the period of ultimate repose, under ORS 12.115, could begin and end at different times for different defendants;[7] and (2) even though ORS 12.110(1) allowed two years from the accrual of the cause of action to file a complaint, causes of action accruing less than two years from the end of the period of ultimate repose had to be filed in *less* than two years.[8]

---

"(1) Notwithstanding subsection (1) of ORS 12.115 or ORS 12.140, an action for the recovery of damages for death, personal injury or damage to real or personal property, including any action based upon an implied warranty, arising out of any design, inspection, testing, manufacturing or other defect in a product, arising out of any failure to warn regarding a product or arising out of any failure to properly instruct in the use of a product *shall be commenced within two years from the date on which the death, injury or damage occurs,* but not later than ten years after the manufacture of the product.

"(2) Nothing in this section shall be construed to extend any period of limitation otherwise established by law, including but not limited to the limitations established by ORS 12.110 and ORS 72.725." (Emphasis added.)

[7] ORS 12.115, the statute of ultimate repose, provided as follows:

"(1) In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of.

"(2) Nothing in this section shall be construed to extend any period of limitation otherwise established by law, including but not limited to the limitations established by ORS 12.110."

That statute was first applied to product liability actions by the Supreme Court in *Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1974). Because the ten-year period ran from "the date of the act or omission," the period of repose could begin and end at different times as to individual defendants in the same product liability action. This is true because, presumably, the "date of the act or omission" for a defendant-manufacturer of a defective product would be the date of manufacture, and for a defendant-retailer, the date of sale. ORS 12.115 remains in effect, but is no longer applicable to product liability actions.

[8] The statute of limitations applicable to product liability actions at the time HB 3039 was proposed was ORS 12.110(1). *See Johnson v. Star Machinery Co., supra,* 270 Or at 698. That statute provided, in pertinent part, that:

"* * * An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

To solve the first problem, it was the express intent of the legislature that the period of repose be identical for all defendants in a particular action, and to achieve that purpose, it was determined that the period would run for all defendants from "the date on which the product was first purchased for use or consumption." ORS 30.905. *See* Minutes, House Committee on Judiciary, May 5, May 11 and May 16, 1977. *See also Baird v. Electro Mart, supra,* 47 Or App at 569-70.

The solution to the second problem was more complex. The legislature intended by its enactment of ORS 30.905 to retain a ten-year period of ultimate repose and, at the same time, to allow all plaintiffs injured within the time provided, a full two years to bring an action. In *Baird v. Electro Mart, supra,* 47 Or App at 572, we explained that the legislature sought to accomplish this goal by providing that a plaintiff would have a "grace period" of two years in which to bring an action following an injury sustained during the eight years after the purchase of the defective product. Thus, the legislature supposed, a party injured on the last day of the designated period would have the same amount of time to file his action as one injured on the first day, yet, as before, no action could be commenced more than ten years from the date of purchase. *See* Minutes, House Committee on Judiciary, May 16, 1977.

The legislature, in attempting to remedy the problems noted above, did not have "occasion to define or

---

The two-year period began to run at the time "the cause of action * * * accrued." ORS 12.010. Under certain circumstances, ORS 12.115, the ultimate repose statute, would have the effect of either cutting short the two-year period provided by ORS 12.110(1) or eliminating the right to bring the action altogether. A plaintiff would have less than two years to commence the action if his cause of action "accrued" between the eighth and tenth years following "the act or omission complained of," and if the cause of action "accrued" after the tenth year, the plaintiff would be unable to bring the action at all. As the court stated in *Josephs v. Burns & Bear,* 260 Or 493, 500, 491 P2d 203 (1971):

"* * * ORS 12.115(1) was intended to apply as a ten-year limitation from the date of the act or omission regardless of when the damage resulted or when the act or omission was discovered."

ORS 12.110(1) has since been amended to delete the reference to "criminal conversation" and to add the following: "* * * provided that in an action at law based upon fraud or deceit the limitation shall be deemed to commence only from the discovery of the fraud or deceit." The statute otherwise remains in effect, although it is now inapplicable to product liability actions.

construe the term 'injury' or to discuss the significance of that term" in the context of a situation in which the *occurrence* of a physical injury, sustained within eight years of the date of purchase, and the *discovery* of a defendant's causal involvement are *not* simultaneous events.[9] The discussions by the House Committee on Judiciary of HB 3039, which became ORS 30.905, indicate that, as the legislature refined the mechanics of that bill, it assumed that a cause of action would accrue immediately upon the occurrence of a physical injury.[10] Thus, when designing

---

[9] *See* discusion by majority (59 Or App at 313, n 2). The taped record of the June 21, 1977, meeting of the Senate Committee on Trade and Economic Development indicates that a witness before that committee made reference to the discovery issue but that the question was not expressly considered by the committee. Ms. Dana Weinstein, a law student at the University of Oregon, told the committee that the eight-year period within which injury must occur, was

"* * * inconsistent with the life expectancy [of a product] especially in regard to industrial equipment and *another example may be the time needed to discover adverse drug reaction. The eight-year period that is listed is too short for that.*" Tape 36, Side 1. (Emphasis added.)

For the reasons discussed by the majority in note 2 of its opinion, this testimony is of "dubious value" in resolving the present question.

[10] Professor Dominick Vetri, of the University of Oregon School of Law, a participant in several committee discussions of HB 3039, suggested the need for a grace period and the framework for the operation of such a period during a committee work session.

"Mr. Vetri said he thought section 7 recalled the old question of date of sale vs the date of manufacture. The bill makes the point 'ten years after the manufacture of the product'. The Johnson vs Starr *[sic]* Machinery case applied the ultimate-repose statute in strict liability tort act. It made the point that change between the date of sale and the date of manufacture and referenced to the date of manufacture for the negligence concept and date of sale for the strict liability concept. Those two points are the critical ones in terms of the language of the bill as it is now written. One other minor point needed to be dealt with and that is whether the *accident* occurred within the ten year period not whether the lawsuit was brought within the ten year period. Section 7 puts people who are *injured* in the ninth and a half year at a disadvantage. *A grace period is needed to protect the interest of those people. Mr. Vetri recommended the language 'the death, injury or damage must have occurred within ten years from the date of the sale of the product'. The accident must be shown to have happened in the ten year period and, in all cases, the action must be brought within two years from the date of the accident.*

"*Rep. Myers said then every alleged, potential claimant has the full two years so long as the injury occuring [sic] incident was within the ten year period.*" Minutes, House Committee on Judiciary, May 11, 1977. (Emphasis added.)

Other witnesses and committee members during this and other meetings used similar terms and phrases to describe the event that must occur within a specified period and that would trigger the running of the two-year grace period: "the

this statutory system to maintain the existing ten-year limitation on the commencement of product liability actions and at the same time "to give *every* potential plaintiff a 2 year period from time of injury" in which to file an action,[11] the legislature assumed that the two-year period of ORS 30.905(2) would run from the date the physical injury was *sustained.* Given the nature of the injury contemplated by the legislature, that assumption was understandable. It is also significant that *Schiele v. Hobart Corporation,* 284 Or 483, 587 P2d 1010 (1978), was decided *after* the legislature's consideration and enactment of ORS 30.905. In *Schiele,* the court construed ORS 12.110(1) as incorporating a discovery rule when applied to a product liability action.[12]

---

action must be brought within two years from the date of the *accident*"; "every alleged potential claimant [sic] has the full two years so long as the *injury-occurring incident* was within the ten year period"; "an action must be filed within two years of the *accident*"; "no one's talking about anything other than a 10 year period for ultimate repose except to the extent that we're talking about some extension for purposes of *claims arising* within a certain point"; "the *injury-causing event*"; "to *give* every potential plaintiff a 2 year period *from time of injury*"; "if an *accident* happens 10 days before the statute expires, it seems ridiculous to say the person must somehow institute an action within that 10 day period which is not a reasonable length of time"; "the *accident* must have occurred within a period that is 2 years less than the extension"; "* * * If someone is injured on the 8th anniversary, they would have 2 years with[in] which to bring their lawsuit." It should also be noted that there was substantial testimony before the committee concerning on-the-job injuries caused by industrial machinery and equipment. *See* Minutes, House Committee on Judiciary, April 18, May 11 and May 16, 1977.

[11] Minutes, House Committee on Judiciary, May 16, 1977.

[12] As noted by the majority, the decision in *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966), provided the "foundation" for the "trend" or "tendency" of the Supreme Court to interpret statutes of limitations, in particular ORS 12.110(1), as commencing to run at the time of discovery. 59 Or App at 317. In *Johnson v. Star Machinery Co., supra,* 270 Or at 699-700, the court observed that the legislature had originally enacted ORS 12.115(1), together with ORS 12.110(4), in response to the opinion in *Berry v. Branner, supra.* ORS 12.110(4) required that a medical malpractice action be commenced within two years after the time the injury was discovered or should have been discovered (thus codifying the holding in *Berry)* and further provided that no action could be brought after seven years from the time of the treatment or omission on which the action was based. As the court in *Johnson v. Star Machinery Co., supra,* explained:

> "At the same time, the legislature recognized that the rationale of Berry might be applicable to other situations in which negligence went understandably undetected until after the pertinent statute of limitations expired. As a result, as part of the same legislative act, it enacted ORS 12.115(1), which established a 10-year statute of ultimate repose for such cases. We said in Josephs v. Burns & Bear, supra at 498-99:

The injury a plaintiff sustains without knowledge of the fact of the harm or, as here, without knowledge of its cause, presents new and special problems. The majority has decided, and I agree, that, where an injury is sustained but the fact of the injury or its cause is unknown, the two-year period provided by ORS 30.905(2) should not commence when the injury is inflicted. This reasonable approach is consistent not only with prior decisions by the Supreme Court and by this court but also with what I perceive to be the intent of the legislature by enacting ORS 30.905 to afford those sustaining injury within eight years of the date of a product's purchase a reasonable time within which to bring an action for injury caused by the product. However, I believe that, in reaching the conclusion that ORS 30.905 bars plaintiff's action, the majority has disregarded the significance of the following considerations: (1) the legislature apparently did not consider the problems of sustained but undiscovered injury; (2) the operation of ORS 30.905, as explained by the legislature and described in *Baird,* assumes the accrual of a cause of action upon the occurrence of a *physical* injury; and (3) the majority's construction of

---

" 'In *Berry,* we held that the cause of action did not "accrue" until the patient knew or, in the exercise of reasonable care, should have known of the injury inflicted upon her. It is clear that the legislative committees which were dealing with the problem of long delayed tort litigation brought about by lack of discovery considered the possibility of defining the time when a cause of action "accrued" as a response to the *Berry* decision. *It is our belief that the legislature chose as preferable to the amendment the enactment in one bill of ORS 12.110(4) relating specifically to medical malpractice claims and of ORS 12.115(1) relating generally to other tort claims. ORS 12.115(1) left the discovery rationale of Berry intact, should this court subsequently chose [sic] to apply the Berry rationale to torts other than medical malpractice, but prescribed an ultimate cut-off date in any event for the commencement of tort claims litigation.'* " 270 Or at 699-700. (Emphasis added.)

Thus, ORS 12.115, the applicable statute of ultimate repose at the time ORS 30.905 was being considered by the legislature, was enacted for the purpose of establishing a maximum period within which actions to which ORS 12.110(1) applied could be commenced, notwithstanding the application of a time-of-discovery construction to the language of that statute. The legislature, in response to the *Berry* decision, did not *expressly* either foreclose or provide for a time-of-discovery construction of ORS 12.110(1), as applied to actions *other* than those involving medical malpractice, but instead enacted ORS 12.115(1) in the event that the courts decided to further extend the discovery principle. The Supreme Court did so in *U.S. Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976) (legal malpractice) and *Schiele v. Hobart Corporation,* 284 Or 483, 587 P2d 1010 (1978) (product liability and negligence). (See 59 Or App at 317-19.)

ORS 30.905 brings about a result inconsistent with the legislative intent to allow those sustaining injury within eight years of a product's purchase to bring an action so long as the requirements of ORS 30.905(2) are satisfied and the action is filed within ten years of the product's purchase.

By extending the redefinition of "injury" required by the discovery rule to the analysis in *Baird* of the operation of ORS 30.905, the majority has fundamentally altered the major premise of the rule it purports to apply, *i.e.,* "* * * there must be an injury within eight years * * *." 59 Or App at 320. The symmetry of *form* remains; the *word* "injury" is unchanged. For the reasons discussed above, I question whether there is also a resulting symmetry of *substance.*

## ORS 30.905 DOES NOT BAR PLAINTIFF'S ACTION.

If ORS 30.905 simply provided for an eight-year period of ultimate repose, the majority's analysis and conclusion would be correct. In that event, *no* action could be commenced beyond eight years from the date of a product's purchase. The character of the event determining the date of accrual of a product liability cause of action would be of no consequence, because a cause of action *necessarily* would have to *accrue* within that period in order for the action to be *commenced* within that period. ORS 30.905 is not a traditional statute of ultimate repose but a "hybrid," combining what, on its face, appears to be an eight-year period of ultimate repose (ORS 30.905(1)) with a two-year statute of limitations (ORS 30.905(2)) and, as we explained in *Baird v. Electro Mart, supra,* 47 Or App at 570, constructed "to limit the manufacturer's exposure to a ten-year period."

Under ORS 30.905, product liability actions *may be commenced* between eight and ten years from the date of purchase of an allegedly defective product. In *Baird,* we determined that, under the circumstances presented *in that case,* the plaintiff could bring an action within that period; *i.e.,* plaintiff sustained injury within eight years of the product's purchase and commenced the action within two years of that occurrence. It is within that context that the operation of the period of repose and the "grace period" provided by ORS 30.905, contemplated by the legislature

and analyzed in *Baird,* must be understood. In my opinion, neither the legislative history nor our decision in *Baird* can properly be read as *excluding* from the benefits of the "grace period" plaintiffs whose claims arise under circumstances not considered therein. This is particularly true where, as here, a fundamental premise on which those authorities rest is altered.

The application of a discovery rule *in itself* provides a "grace period" of sorts; *i.e.,* during the period an injury sustained is either undiscovered or its cause unknown, the applicable statute of limitation does not run. When the injury is *sustained* within eight years of the product's purchase, such a situation creates an anomaly in the system designed by the legislature and explained and applied in *Baird.* To allow the plaintiff a *full* two years from the date of *discovery* may extend the exposure of potential defendants beyond the intended ten-year limitation on the commencement of product liability actions. To require the plaintiff to file an action within two years of the date the injury is *sustained* assures that the action will be commenced *in all cases* within the ten-year period but will not give every potential plaintiff two years in which to bring an action; *i.e.,* the two-year period runs even though the plaintiff is unaware of the injury. Neither alternative is consistent with the legislative intent. Although the approach adopted by the majority avoids the dilemma, that approach is also inconsistent with the legislative intent. In this case, it serves to bar an action by a plaintiff who sustained an injury within eight years of the product's purchase, and filed an action within ten years of that date and in compliance with ORS 30.905(2). There is another approach that avoids the dilemma and results in considerably less damage to the legislative intent than that which follows from the application of the majority's rule.

I would propose the following rule for application in such cases: (1) where an injury is sustained and the fact of the injury is known within eight years from the date of purchase and (2) a suit seeking recovery for the injury is filed within two years of the date on which the plaintiff knew or should have known of the fact of the injury and of defendant's connection with it but (3) not more than ten years from the date of purchase, the action is *not* barred by

ORS 30.905.[13] I realize that, under the principle I have proposed, an injured person, such as plaintiff in this case, may, as a practical matter, have less than the intended two years to bring an action. However, I do not believe that problem would be remedied by barring such an action altogether.

Assuming, without conceding, that the majority is correct in concluding that discovery must occur within eight years of the product's purchase, it is not clear that the trial court was justified in granting defendant's motion for judgment on the pleadings.

Although this action was filed more than two years from the date on which injury was sustained, and this fact is evident from the face of the complaint, a judgment on the pleadings in favor of defendant on this ground is not proper because, as we hold here, the two-year period provided by ORS 30.905(2) does not begin to run when the injury is *sustained* but when the injury and its cause are *known or should be known*. Thus, the relevant inquiry for purposes of ORS 30.905(2) becomes whether plaintiff knew or should have known more than two years before commencing this action that the dangerously defective nature of defendant's product caused her injury. *Shaughnessy v. Spray,* 55 Or App 42, 51, 637 P2d 182 (1981), *rev den* 292 Or 589 (1982). In *Shaughnessy,* we determined that this was a *jury* question. In that case, the plaintiff had alleged in her second amended complaint:

> "Plaintiff had no knowledge or reason to know and did not discover the unreasonably dangerous nature of defendants Smith - Klines's and Eli Lilly's product as herein alleged or of the negligence of these defendants as herein alleged until a period of time less than three years from the date of the filing of this complaint against defendants Eli Lilly and Smith - Kline." 55 Or App at 45.

---

[13] To hold otherwise is to reach an unreasonable result. Plaintiff alleges that she did not have "reason to learn" of the defective nature of the shield "at all material times herein," *i.e.,* at least from the date on which she sustained the injury until the end of the eight-year period. Had she obtained such knowledge on the last day of the eighth year, under the construction of ORS 30.905(2) we adopt today and our holding in *Baird,* she would have had until the last day of the tenth year after the date of insertion to file an action for damages. It is unreasonable and unfair to conclude that, because she acquired such knowledge *after* the eighth year, her suit filed *before* the end of the tenth year is somehow barred.

In this case, plaintiff alleged in her complaint that:

"* * * at all times material herein, the plaintiff had not been advised as to the cause of her chronic intrauterine infections and did not learn, nor did she have reason to learn, of the relationship between the defective nature of the Dalkon Shield and her chronic intrauterine infections. The plaintiff did not learn of the relationship until a date on or about May 1, 1980."

The date on which a plaintiff *learns* of an injury or its cause is not the pertinent date. The court in *Schiele v. Hobart Corporation, supra,* 284 Or at 489-90, rejected the argument that nothing short of *actual* knowledge would have the effect of starting the statutory period and held that the period began to run "when a *reasonably prudent person* associates his symptoms with a serious or permanent condition and at the same time perceives the role which the defendant has played in inducing that condition." I am not convinced that this complaint alleges that discovery, so defined, occurred more than eight years from the date of purchase. *See* ORCP 12A.[14]

---

[14] ORCP 12A provides:

"All pleadings shall be liberally construed with a view of substantial justice between the parties."