WESTERN HELICOPTERS, INC., an Oregon corporation; and Edwina Marie Cruse, as Personal Representative of the Estate of Russell Leroy Cruse, Deceased, Plaintiffs,

v.

ROGERSON AIRCRAFT CORPORATION, a California corporation; Rogerson–Hiller Corporation, a Washington corporation; Hiller Aviation, Inc., a California corporation; Omneco, a Nevada corporation; Cal–Doran Metallurgical Services, Inc., a California corporation; National Heat Treating Company, Inc., a California corporation; Metal Improvement Company, a California corporation; Dixon Hard Chrome, a California corporation; All Metals Processing of Orange County, Inc., a California corporation; Embee EP Plating, a California corporation; Arden Engineering, a California corporation; Reisner Metals, Inc., a California corporation; Sonic Testing and Engineering, Inc., a California corporation; Hall Heat Treating, a California corporation; Dave Magorien Co., Inc., a California corporation; Peen–Rite, Inc., a California corporation; Tube Service Co., a California corporation; and Burbank Steel Treating, Inc., a California corporation, Defendants.

Civ. No. 87–1435–FR.

United States District Court,
D. Oregon.

June 22, 1989.

Lloyd B. Ericsson, Lisa Brett Egan, Timothy E. Miller, Martin, Bischoff, Templeton, Ericsson & Langslet, Portland, Or., for plaintiffs.

Thomas M. Christ, Chris P. Davis, Mitchell, Lang & Smith, Portland, Or., for defendant Arden Engineering.

## OPINION

FRYE, Judge:

The matter before the court is the motion of defendant Arden Engineering (Arden) to dismiss the claims against it as barred by the statute of limitations (# 58).

## BACKGROUND

This is a products liability case stemming from a helicopter crash which occurred on January 16, 1986, and which resulted in the death of the pilot, Russell Leroy Cruse. The plaintiffs are Western Helicopters, Inc. (Western), an Oregon corporation which employed Russell Leroy Cruse, and Edwina Marie Cruse, the Personal Representative of the Estate of Russell Leroy Cruse (the estate). Western seeks damages for the loss of the helicopter. The estate seeks damages for the wrongful death of Russell Leroy Cruse.

The complaint was filed on December 24, 1987. Named as defendants are the sellers and the manufacturers of the helicopter: Rogerson Aircraft Corporation, Rogerson–Hiller Corporation, Hiller Aviation, Inc., Morton Thiokol, and Omneco. Hiller Aviation and Morton Thiokol have since been dismissed by plaintiffs.

On February 7, 1989, an amended complaint was filed which added fifteen new defendants who allegedly were involved in the manufacture, installation or maintenance of the main rotor blade fork of the helicopter. The amended complaint, like the original complaint, alleges that the helicopter crashed due to a defect in the main rotor blade fork. The amended complaint includes claims for strict liability, wrongful death, negligence, and breach of warranty.

Arden was first named as a defendant in the amended complaint. Arden is a California corporation which may have participated in the manufacture of the main rotor blade fork of the helicopter.

Recently, this court considered the motions to dismiss of defendants Burbank Steel Treating, Inc. and Dixon Hard Chrome, which were based in part on the same grounds raised by Arden. 715 F.Supp. 1486 (D.Or.1989).

## ANALYSIS AND RULING

Arden contends that Western's product liability claims are barred by the two-year statute of limitation in O.R.S. 30.905(2), and that the estate's wrongful death claims are barred by the three-year statute of limitation in O.R.S. 30.020(1).

O.R.S. 30.905(2) states: "Except as provided in ORS 30.907 [asbestos cases], a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

O.R.S. 30.020(1) states, in part: "The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent."

The helicopter crash which caused the death of Russell Cruse occurred on January 16, 1986. The original complaint was filed on December 24, 1987, less than two years later. The amended complaint, which named Arden for the first time, was filed on February 8, 1989, more than three years after the crash. Thus, the original complaint was filed within the applicable statute of limitation, but the amended complaint naming Arden as a defendant was filed more than three years after the crash. Under Fed.R.Civ.P. 15(c), an amendment which adds a new party will relate back to the original filing only if:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; and

(2) within the applicable limitation period, the new party received such notice of the institution of the action that the party will not be prejudiced in maintaining its defense on the merits; and

(3) within the limitation period, the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the new party.

There is no evidence in the record that Arden had any notice of the crash or of this lawsuit until the amended complaint was

filed, more than three years after the crash. Therefore, plaintiffs fail to meet the second and third requirements for relation back under Rule 15(c).

Plaintiffs contend, however, that the statutes of limitation are extended by the "discovery rule" because they did not discover the role of Arden in the manufacture of the helicopter fork until January, 1989. Arden argues that the discovery rule is inapplicable in wrongful death and product liability actions.

As to the wrongful death claims, the Oregon Supreme Court recently ruled that the discovery doctrine does not operate to extend the three-year limitation of O.R.S. 30.020. *Eldridge v. Eastmoreland Gen. Hosp.*, 307 Or. 500, 504, 769 P.2d 775 (1989). The court analyzed the legislative history of O.R.S. 30.020 and concluded that the legislature intended to set a strict three-year limitation period for wrongful death claims. *Id.*

The court also found that the phrase "after the occurrence of the injury causing the death of the decedent" in O.R.S. 30.020 is far less susceptible to judicial interpretation than the phrase "after the cause of action shall have accrued" in O.R.S. 12.010. Although Oregon courts have applied the discovery rule in negligence and malpractice cases subject to O.R.S. 12.010, the *Eldridge* court found the discovery rule to be inappropriate in light of the distinctive language and legislative history of O.R.S. 30.020. 307 Or. at 503, 769 P.2d 775.

■ Whatever the underlying theory of relief, all wrongful death claims are governed by O.R.S. 30.020. In *Eldridge*, for instance, the wrongful death claim was based on the theories of negligence and medical malpractice. However, the court applied the strict three-year period of O.R.S. 30.020 rather than the limitations for negligence or medical malpractice. Likewise, in this case, the court must apply O.R.S. 30.020 to the estate's claims although they are based on theories of product liability and negligence.

The estate's claims against Arden were filed more than three years after the accident which caused the death of Russell Cruse. This lawsuit does not meet the requirements for relation back under Fed. R.Civ.P. 15. Therefore, the estate's claims against Arden were filed after the expiration of the statute of limitation, and Arden's motion to dismiss must be granted as to the estate.

■ A different analysis applies to Western's product liability claims for damage to the helicopter. These claims, whether characterized as negligence or product liability, are subject to the two-year limitation for product liability claims in O.R.S. 30.905. *Sealey v. Hicks*, 95 Or.App. 182, 185–86, 768 P.2d 428 (1989). Oregon courts have held that the discovery rule applies to product liability cases under O.R.S. 30.905. *See Dortch v. A.H. Robins Co.*, 59 Or.App. 310, 315, 650 P.2d 1046 (1982); *accord Baird v. Electro Mart Factory Direct, Inc.*, 47 Or. App. 565, 615 P.2d 335 (1980).

■ Arden contends that *Dortch* is no longer valid after the Oregon Supreme Court ruling in *Eldridge*. However, the *Eldridge* decision does not discuss *Dortch* and holds only that the discovery rule is inapplicable in wrongful death cases. 307 Or. at 504–05, 769 P.2d 775. Moreover, *Eldridge* relied on legislative history showing an intent that the discovery rule not be applied in wrongful death cases. In *Dortch*, the Court of Appeals analyzed the legislative history of O.R.S. 30.905 and concluded that it was neutral in regard to the discovery rule. 59 Or.App. at 316, 650 P.2d 1046.

The *Eldridge* opinion does not overrule *Dortch*, either expressly or by implication. Therefore, this court must continue to apply the discovery rule to product liability claims. Plaintiffs have presented the affidavit of attorney Lloyd Ericsson, which states that plaintiffs first learned of the role of Arden from disclosures by another defendant, Omneco, in January of 1989. Ericsson states that only Omneco could provide this information since the main rotor blade fork carried no identification mark, brand stamp, or other marking to indicate any other manufacturer.

**1496**

The record in this case shows that although plaintiffs have been pursuing discovery, it has been difficult to identify the persons who participated in the manufacture of the main rotor blade fork. The court finds that Western has sufficiently alleged that it could not reasonably have discovered the role of Arden before January, 1989. Therefore, Arden's motion to dismiss is granted as to the estate and denied as to Western.

## CONCLUSION

The motion to dismiss of defendant Arden (# 58) is granted in part and denied in part as follows: the motion to dismiss on the grounds of the statute of limitations is granted as to the estate and denied as to Western.