Kathy PHILPOTT, Plaintiff-Appellant,

v.

A.H. ROBINS COMPANY, INC.,
Defendant-Appellee.

No. 82–3550.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1983.

Decided July 25, 1983.

Rick T. Hazelton, Lindsay, Hart, Neil &
Weigler, Portland, Or., Thomas H. Tongue,
Salem, Or., for defendant-appellee.

William B. Reisbick, Portland, Or., Ar-
thur C. Johnson, Johnson, Quinn, Clifton &

Williams, Eugene, Or., for plaintiff-appellant.

Before KILKENNY, CHOY and CANBY, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant Philpott appeals from the district court's order granting summary judgment in favor of the A.H. Robins Company (Robins), manufacturer of the Dalkon Shield intrauterine device (Dalkon Shield). The district court held that Philpott's action, based upon injuries allegedly caused by a Dalkon Shield, was barred by Oregon's products liability statute of limitations. We affirm.

## FACTS

In August, 1971, Philpott was fitted with a Dalkon Shield. On May 30, 1972, she was diagnosed as having Pelvic Inflammatory Disease, with a swollen abscess to her right fallopian tube and ovary. The Dalkon Shield was removed. After she experienced continuing complications, her doctor recommended a hysterectomy. On April 4, 1973, surgery was performed which included an abdominal hysterectomy, right salpingo-oophorectomy (removal of the right fallopian tube and ovary) and removal of her appendix. Philpott claims that she did not learn of the connection between her pelvic disorders and the Dalkon Shield until January, 1981.

In February, 1981, Philpott filed this lawsuit against Robins alleging as theories of recovery negligence, strict liability, breach of warranty, fraudulent misrepresentations, and wanton and wilful misconduct. Robins answered by asserting as a defense that Philpott's claims were time-barred by ORS 30.905. In May, 1982, Robins moved for summary judgment. The motion was granted on September 1, 1982.

## STANDARD OF REVIEW

This court engages in *de novo* review of a grant or denial of summary judgment. *Harm v. Bay Area Pipe Trades Pension Plan Trust Fund,* 701 F.2d 1301, 1303 (CA9 1983). Summary judgment is proper only when there is no genuine issue of material fact or when viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law. FRCivP 56; *Gaines v. Haughton,* 645 F.2d 761, 769 (CA9 1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982).

Although questions of law are freely reviewable by this court, where there is no definitive guidance from the state's highest court, we will accord substantial deference to the district court's construction of the law of the state in which it sits. *Knaefler v. Mack,* 680 F.2d 671, 675–76 (CA9 1982); *Lewis v. Anderson,* 615 F.2d 778, 781 (CA9 1979), *cert. denied,* 449 U.S. 869, 101 S.Ct. 206, 66 L.Ed.2d 89 (1980). This construction of state law will be accepted on review unless it appears to be clearly wrong. *Id.*

## ISSUES

I. Whether the district court properly construed the breadth of ORS 30.905 to encompass all of Philpott's claims.

II. Whether the district court correctly held that ORS 30.905 barred Philpott's claims against Robins.

III. Whether the district court correctly determined that Robins was not estopped from asserting the statute of limitations as a bar to Philpott's action.

## DISCUSSION

### I. SCOPE OF ORS 30.905

Philpott contends that the district court erred in holding that ORS 30.905 applied to all.her claims, including her allegations that Robins intentionally and fraudulently failed to warn the public of serious side effects and, contrary to published assertions, failed to adequately test the Dal-

kon Shield. She argues that fraud claims are governed by ORS 12.110(1), which provides a two year statute of limitations period that begins to run from the "discovery of the fraud or deceit."

The district court held that all Philpott's claims, including those based on intentional torts, were barred by ORS 30.905, which provides:

(1) Notwithstanding ORS 12.115 or 12.-140 and except as provided in subsection (2) of this section, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

(2) A product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs.

The district court recognized that the above statute of limitations applied to all "product liability civil actions," as defined by ORS 30.900:

As used in ORS 30.900 to 30.920, "product liability civil action" means a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:

(1) *Any* design, inspection, testing, manufacturing or other defect in a product;

(2) *Any failure to warn regarding a product;* or

(3) *Any* failure to properly instruct in the use of a product. [Emphasis supplied].

Recognizing that no Oregon court had yet construed the breadth of ORS 30.905, the district court reasoned that the broad provisions of ORS 30.900, coupled with the legislative history surrounding the products liability legislation, indicated that the legislature intended to encompass all causes of action associated with product design, inspection, testing, manufacturing, and warning within the breadth of the statute.

Because no Oregon courts have addressed the breadth of ORS 30.905, it is necessary to search for other indications of legislative intent. In *Dortch v. A.H. Robins Co.,* 59 Or.App. 310, 650 P.2d 1046 (1982), the court stated: " '[i]t is clear from the discussions of House Bill 3039, which became ORS 30.-905, what the legislative objective was. The legislature wanted to enact a ten-year period of ultimate repose for product liability actions. . . .' " *Id.* 650 P.2d at 1049 (quoting *Baird v. Electro Mart,* 47 Or.App. 565, 570, 615 P.2d 335, 337 (1980) ), *see* Minutes, House Committee on the Judiciary, May 16, 1977, pp. 20–21. In accordance with this legislative intent to limit a manufacturer's liability exposure to ten years, the broad language of ORS 30.900 can reasonably be construed as encompassing all Philpott's product related claims.

Further support for this construction is found in ORS 30.925, which sets forth the standards for recovery of punitive damages in products liability actions. The statute provides in pertinent part:

(3) Punitive damages, if any, shall be determined and awarded based upon the following criteria:

(a) The likelihood at the time that serious harm would arise from the defendant's misconduct;

(b) The degree of the defendant's awareness of that likelihood;

(c) The profitability of the defendant's misconduct;

(d) The duration of the misconduct and any concealment of it;

(e) The attitude and conduct of the defendant upon discovery of the misconduct;

(f) The financial condition of the defendant; and

(g) The total deterrent effect of other punishment imposed upon the defendant as a result of the misconduct, including, but not limited to, punitive damage awards to persons in situations similar to the claimant's and the severity of criminal penalties to which the defendant has been or may be subjected.

The standards set forth in ORS 30.925 are particularly applicable to punitive damage awards in cases involving intentional torts

and, thus, lend support to the district court's determination that the legislature intended to include all products related claims within the breadth of ORS 30.905.

Accordingly, we hold that the district court was correct in holding that ORS 30.-905 applied to all Philpott's claims.

## II. APPLICATION OF ORS 30.905 TO PHILPOTT'S CLAIMS

■ Philpott contends that the district court erred in holding that her claims were barred by ORS 30.905. She argues that the "discovery doctrine" applies to products liability actions and, therefore, she was entitled to file a lawsuit within two years of her discovery that the Dalkon Shield caused her injuries.

In *Dortch v. A.H. Robins Co.,* supra, the court recognized that

'[t]he legislature wanted to enact a ten-year period of ultimate repose for product liability actions.... [T]his objective was to be accomplished by providing that if an injury occurred within eight years of the date the product was first purchased, the injured party had an additional two-year period following the injury to bring the action.'

59 Or.App. at 316, 650 P.2d at 1049–50 (quoting *Baird,* 47 Or.App. at 570, 572, 615 P.2d 335). Moreover, the court ruled that while the discovery doctrine does apply to products liability actions, it does not operate to extend the eight year statute of limitations. *Id.* 650 P.2d at 1049. The legal injury (physical injury which the plaintiff knows or as a reasonable person should know was caused by the defendant) must occur within eight years of the date of purchase. *Id.* 650 P.2d at 1052. The court concluded:

"If plaintiff does not discover the defendant's causal connection until after the eighth year, no cause of action accrues within eight years and the claim is barred."

*Id.* 650 P.2d at 1052–53.

We hold that Philpott's claims were barred by ORS 30.905. Philpott admits that she did not learn of a causal connection between her pelvic disorders and the Dalkon Shield until January, 1981. This was nine years and eight months after she purchased and began using the Dalkon Shield. Thus, under the principles set forth in *Dortch,* her claims are barred.

## III. EQUITABLE ESTOPPEL

Philpott's final contention is that Robins should be equitably estopped from relying on the statute of limitations. She argues that Robins' alleged initial fraudulent conduct, including a long delay in warning doctors of known side effects, should prevent it from relying on that defense.

■ We find no merit to Philpott's contention. In Oregon, there are only two situations where the courts have applied equitable estoppel to prevent reliance on a statute of limitations. A defendant may be estopped if he lulled the plaintiff, by affirmative inducement, into delaying the filing of a cause of action or, similarly, if he lulled the plaintiff into believing he had no cause of action against the defendant. *See Chaney v. Fields Chevrolet,* 264 Or. 21, 503 P.2d 1239 (1972); *Lyden v. Goldberg,* 260 Or. 301, 490 P.2d 181 (1971); *see also Rutledge v. Boston Woven Hose & Rubber Co.,* 576 F.2d 248 (CA9 1978). It must be an affirmative inducement because, generally, "[s]ilence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure." *Rutledge, supra,* 576 F.2d at 250. The other situation where Oregon courts have applied estoppel is where there has been fraud on the part of a fiduciary in concealing material facts evincing a cause of action. *See First Nat'l Bank of Portland v. Connolly,* 172 Or. 434, 481–82, 138 P.2d 613, 632–33 (1943).

■ It is clear that Robins made no affirmative representations to Philpott sufficient to invoke estoppel here. Moreover, we find no special relationship between Philpott and Robins which would permit us to consider whether Robins was required to disclose information informing Philpott of a

cause of action against the Company. Accordingly, we hold that Oregon law does not require that Robins be estopped from asserting the statute of limitations as a defense.

## CONCLUSION

We hold that Philpott's failure to file a timely lawsuit must result in affirmance of the district court's order granting summary judgment.