In re DALKON SHIELD CASES.

Arlene G. MADILL, Ada June Tolliver, Linda J. and Roy E. Blair, Maylene M. and Gerald Rice, Nancy and Dale Waldo Roxberg, Shirley A. Baxter, Rosella and David Harry McGuffin, De Ann Weiler, Nancy Radius and Donald Mcloud, Margaret E. Witcher, Robin and Ralph David Guariglia, Carol and Curt R. Johnson, Linda M. and Harold Lauder, Sandra K. and Ronald McGrath, Susan Shadburne-Vinton and William G. Vinton, Ann and Lawrence Pindar, Cindy A. and Richard Havice, Gloria J. and Douglas Waits, Val and Douglas Laycock-Cowles, Darla and Thomas Chandler, Carol Lynn and Dennis Lynn Luxford, Susan D. and Robert Diamond, Nancy Elaine and Bruce B. Hamilton, Carolyn and Ronald Maxted, Sherri Jane and Lionel Howell-Coleman, Kathy Philpott, Judith and Larry K. Hoy, and Georgia C. Miller, Plaintiffs,

v.

A.H. ROBINS COMPANY and Hugh J. Davis, M.D., Defendants.

No. M 82–3789.*

United States District Court, D. Maryland.

Dec. 20, 1984.

Michael A. Pretl, Pretl & Schultheis, Baltimore, Md., for plaintiffs.

Charles P. Goodell, Jr., Susan T. Preston and Richard M. Barnes of Semmes, Bowen & Semmes, Baltimore, Md., for defendant A.H. Robins Company.

Deborah E. Jennings and Piper & Marbury, Baltimore Md., for defendant Hugh J. Davis, M.D.

## MEMORANDUM

NORTHROP, Senior District Judge.

On June 1, 1984, this Court granted summary judgment in *Pottratz v. Davis*, 588 F.Supp. 949 (D.Md.1984) on the grounds that the action was barred by an Oregon statute of repose, ORS § 30.905, and by the doctrine of *res judicata*. On August 15, 1984, plaintiffs' motion for reconsideration *en banc* was denied, and counsel was directed to identify other pending actions in this Court which may be subject to summary judgment in accordance with the June 1, 1984 opinion and order.

On September 13, 1984, by joint memorandum, the defendants designated 28 additional actions in which they argue summary judgment should be entered on the dual grounds that: (1) all claims therein are barred by the Oregon statute of repose, and (2) prior judgments in 15 of these actions also bar the claims under the doctrine of *res judicata*. Plaintiffs filed a memorandum in opposition and defendants have replied. No hearing is necessary. Local Rule 6.

In order to facilitate discussion and to promote clarity, the 28 cases are arranged in three groups. The first group, comprising 15 actions, involves plaintiffs who have had summary judgment entered against them in the United States District Court for the District of Oregon on the ground that each claim was time-barred under ORS § 30.905. The second group contains seven cases that, while not barred by *res judicata*, are nevertheless time-barred under ORS § 30.905. One case, discussed in a footnote in this second group, contains a material issue of fact. The third and final group of cases involves plaintiffs in five actions where there are allegations implicating multiple states and raising questions regarding the applicability of the Oregon statute.

### I.

In 15 actions the United States District Court for the District of Oregon entered summary judgment against the plaintiffs on the basis of ORS § 30.905. As the *Pottratz* opinion noted, the summary judgment entered by Judge Belloni in those cases is a final adjudication on the merits and bars a relitigation of the underlying facts. *Pottratz v. Davis*, 588 F.Supp. 949, 954 (D.Md.1984) (hereinafter sometimes referred to as the "*Pottratz* opinion"). This same conclusion applies with equal force to and is completely dispositive of the following actions where summary judgment has already been entered: *Tolliver* (B 82–3790); *Rice* (HM 82–3792); *Roxberg* (B 83–18); *McGuffin* (K 83–20); *Radius* (M 83–22); *Witcher* (HM 83–23); *Guariglia* (M 83–155); *Lauder* (B 83–158); *McGrath* (HM 83–159); *Pindar* (HM 83–161); *Waits* (HM 83–164); *Laycock-Cowles* (HM 83–165); *Chandler* (M 83–167); *Luxford* (HM 83–168); and *Philpott* (JH 83–4215).[1]

Plaintiffs attempt to avoid *res judicata* by arguing that their respective facts are different than those in *Pottratz*, and thus, the Oregon statute of repose is inapplica-

---

**1.** *See* Exhibits A–N to Defendants' Joint Memorandum in Support of Summary Judgment. Those exhibits are copies of Judge Belloni's or-der granting summary judgment against plaintiffs in the above-listed cases.

ble. Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment at p. 5. The answer to this argument is that in each case, plaintiff had an opportunity to litigate her facts before the United States District Court for the District of Oregon. After reviewing those facts, Judge Belloni ruled the actions time-barred under ORS § 30.905 and held: "There are no factors which require a result different from *Philpott v. A.H. Robins Co., Inc.,* [710 F.2d 1422 (9th Cir.1983) ], and *Dortch v. A.H. Robins Co., Inc.,* 59 Or.App. 310, 659 [650] P.2d 1046 (1982)." This *res judicata* bar precludes plaintiffs from having a second chance at raising an argument concerning the applicability of ORS § 30.905.

By separate Order, summary judgment will be granted in favor of defendants in the above-listed cases.

## II.

In *Pottratz,* this Court concluded that Oregon statute ORS § 30.905 is an ultimate statute of repose and that no cause of action accrues unless a plaintiff learns of a causal connection between her injuries and the Dalkon Shield within eight years of its purchase. *Pottratz v. Davis,* 588 F.Supp. 949, 953 (D.Md.1984). Application of this principle to the seven cases discussed below reveals that all are time-barred by the Oregon statute.

■ Plaintiffs object to the application of the Oregon statute by arguing that while they may not have made a connection between the Dalkon Shield and their injuries within the appropriate time frame, there are allegations of *physical injury* within the eight-year period set forth in ORS § 30.905. Plaintiffs argue further that these allegations of physical injury distinguish all other cases from *Pottratz,* and give rise to a factual dispute as to when the injury actually occurred.

The plaintiffs' argument does not withstand legal analysis. It is true that the below-discussed cases differ from *Pottratz* in that there are allegations of physical injury occurring prior to the expiration of the eight-year period; occurrence of physi-

cal injury, alone, however, is not enough— the injury which must occur within the eight-year period is the *legal injury,* i.e., "a physical injury which the plaintiff knows or as a reasonable person should know was caused by the defendant." *Dortch v. A.H. Robins Co., Inc.,* 59 Or. App. 310, 650 P.2d 1046, 1051 (1982); *Philpott v. A.H. Robins Co., Inc.,* 710 F.2d 1422, 1425 (9th Cir.1983). "If plaintiff does not discover the defendant's causal connection until after the eighth year, no cause of action accrues within eight years and the claim is barred." *Dortch,* 650 P.2d at 1052–53; *Philpott,* 710 F.2d at 1425. Thus, the question is not when a physical injury is alleged to have occurred, but, rather, when the "legal injury"—the causal connection—is alleged to have been discovered.

This is clearly the sense in which "injury" was used in the *Pottratz* opinion. *See, Pottratz v. Davis,* 588 F.Supp. 949, 953 (D.Md.1984). Indeed, this conclusion is buttressed by the fact that in both the underlying decisions of *Pottratz, Dortch* and *Philpott,* there were allegations of physical injury within the eight-year period. *Dortch,* 650 P.2d at 1047 and *Philpott,* 710 F.2d at 1425. The allegations were not deemed legally significant because plaintiffs did not "discover the causal connection [between their injuries and the Dalkon Shield] until after the eighth year ..." *Dortch,* 650 P.2d at 1052–53; *Philpott,* 710 F.2d at 1425.

■ As stated, application of this legal injury analysis and ORS § 30.905 to the undisputed facts of the cases discussed below, reveals that the defendants are entitled to summary judgment as a matter of law.

### 1. *Johnson,* JH 83–157

The following facts are undisputed: Plaintiff, a resident and citizen of Oregon, purchased and inserted the Dalkon Shield on August 17, 1971. Complaint ¶¶ 1, 29. Physical disorder or injury was experienced in June, 1972 and September, 1978. Com-

plaint ¶¶ 30, 32. Plaintiff did not discover the causal connection between her injuries and the Dalkon Shield until August, 1980 (Complaint ¶ 38), more than eight years after purchase.

Since no legal injury occurred within eight years of purchase, as required by ORS § 30.905 and as discussed above, plaintiff's claims are time-barred.[2]

### 2. *Diamond,* JH 83–169

The following facts are undisputed: Plaintiff, a resident and citizen of Oregon, purchased and inserted the Dalkon Shield in May, 1971. Complaint ¶¶ 1, 29. Physical disorder or injury was experienced in March, 1972 and September, 1976. Complaint ¶¶ 30, 31. Plaintiff did not discover the causal connection between her injuries and the Dalkon Shield until April, 1981 (Complaint ¶ 36), more than eight years after purchase.

Since no legal injury occurred within eight years of purchase, as required by ORS § 30.905, plaintiff's claims are time-barred.

### 3. *Hamilton,* B 83–1066

The following facts are undisputed: Plaintiff, a resident and citizen of Oregon, purchased and inserted the Dalkon Shield in June, 1972. Complaint ¶¶ 1, 28. Physical disorder or injury was experienced in June and July, 1976. Complaint ¶¶ 29, 30. Plaintiff did not discover the causal connection between her injuries and the Dalkon Shield until 1981 (Complaint ¶ 34), more than eight years after purchase.

Since no legal injury occurred within eight years of purchase, as required by ORS 30.905, plaintiff's claims are time-barred.

### 4. *Howell-Coleman,* B 83–2795

The following facts are undisputed: Plaintiff, a resident and citizen of Oregon, purchased and inserted the Dalkon Shield on April 1, 1972. Complaint ¶¶ 1, 34. Physical disorder or injury was experienced in April, 1972 and August, 1978. Complaint ¶ 36. Plaintiff did not discover the

causal connection between her injuries and the Dalkon Shield until September, 1980 (Complaint ¶ 40), more than eight years after purchase.

Since no legal injury occurred within eight years of purchase, as required by ORS § 30.905, plaintiff's claims are time-barred.

### 5. *Hoy,* H 83–4216

The following facts are undisputed: Plaintiff, a resident and citizen of Oregon, purchased and inserted the Dalkon Shield on June 23, 1972. Complaint ¶¶ 1, 34. Physical disorder or injury was experienced in August, 1973. Complaint ¶¶ 37–39. Plaintiff did not discover the causal connection between her injuries and the Dalkon Shield until early 1983 (Complaint ¶ 41), more than eight years after purchase.

Since no legal injury occurred within eight years of purchase, as required by ORS § 30.905, plaintiff's claims are time-barred.

### 6. *Miller,* H 83–4328

The following facts are undisputed: Plaintiff, a citizen and resident of Oregon, purchased and inserted the Dalkon Shield on March 13, 1973. Complaint ¶¶ 1, 33. Physical disorder or injury was experienced in 1974 and 1976. Complaint ¶¶ 35–37. Plaintiff did not discover the causal connection between her injuries and the Dalkon Shield until October, 1983, more than eight years after purchase.

Since no legal injury occurred within eight years of purchase, as required by ORS § 30.905, plaintiff's claims are time-barred.

### 7. *Baxter,* JH 83–19

The following facts are undisputed: Plaintiff, a citizen and resident of Oregon, purchased and inserted the Dalkon Shield on June 23, 1972. Complaint ¶¶ 1, 28. Plaintiff did not discover the causal connection between her injuries and the Dalkon Shield until "the summer of 1980." Complaint ¶ 33. Plaintiff admits in her brief in

---

**2.** *Johnson* is one of three cases pending in the District of Oregon, without final disposition.

The other cases are *Baxter,* JH 83–19, and *Diamond,* JH 83–169.

opposition to the summary judgment motion filed in the District of Oregon litigation that "only after the eight year period of ORS § 30.905 had run that she discovered defendant's causal involvement in her injury." Exhibit O Defendant's Memorandum in Support of Summary Judgment at p. 2.

Since no legal injury occurred within eight years of purchase, as required by ORS § 30.905, plaintiff's claims are time-barred.[3]

It should be noted at this juncture that application of the legal injury analysis to the 15 cases determined *ante* to be barred by *res judicata* would produce the same results. Every one of the fifteen cases alleges knowledge of the causal connection between the Dalkon Shield and plaintiffs' injuries *outside* of the eight-year period.

## III.

The final group of cases is comprised of five actions in which Oregon is but one of two states mentioned by plaintiffs in their complaints. The issues to be determined in these cases are whether the substantive law of Oregon applies and, if so, whether ORS § 30.905 bars the suit under the legal principles discussed and applied above. In order to address these issues, the facts of each case must be analyzed.

### 1. *Weiler,* M 83–21

■ The following facts are undisputed: The Dalkon Shield was purchased and inserted on March 8, 1973 in Eugene, Oregon Complaint ¶¶ 1, 28. After physical complications, the Dalkon Shield was removed in July, 1974 in Eugene, Oregon. Complaint ¶ 29. In July, 1981, more than eight years after purchase, plaintiff alleges she first became aware of the nature and cause of her injuries while hospitalized in Milwaukie, Oregon. Complaint ¶¶ 31, 34. Plaintiff

is now a citizen and resident of Colorado. Complaint ¶ 1.

Defendants argue that the present residence in Colorado is immaterial, that Oregon law applies, and that ORS § 30.905 bars this suit. This Court agrees. "The injury [to plaintiff] occurred in Oregon because that is where the Dalkon Shield was inserted and used by the plaintiff." *Pottratz v. Davis,* 588 F.Supp. 949, 954 (D.Md. 1984). Thus, the substantive law of Oregon applies.

Since plaintiff did not discover the causal connection between her injuries and the Dalkon Shield within the eight-year period mandated by ORS § 30.905, plaintiff's claims are time-barred.

### 2. *Shadburne-Vinton,* M 83–160

The following facts are undisputed: Plaintiff, a citizen and resident of Oregon, purchased and inserted the second of two Dalkon Shields on March 1, 1974, in Portland, Oregon. Complaint ¶¶ 1, 29. Physical injury or disorder was experienced in March, 1974, December, 1976, and January, 1977, in Portland, Oregon. Complaint ¶¶ 31, 33. Plaintiff has been employed in Portland, Oregon since at least 1976. Complaint ¶ 36. Plaintiff did not discover the causal connection between her injuries and the Dalkon Shield until she was "hospitalized at Cedars-Sinai Hospital in Los Angeles, California, between March 30 and April 4, 1982, with a diagnosis of chronic salpingitis." Complaint ¶ 38.

Plaintiff argues that she "was injured and treated in California, and as the *Pottratz* opinion did not consider the effect out-of-state treatment might have on the determination of the place of injury, summary judgment pursuant to *Pottratz* is inappropriate." Plaintiff's Memorandum in Opposition to Summary Judgment at p. 7.

■ The cause of action in this case arose in Oregon "because that is where the

---

**3.** One other case that logically belongs in this second group is *Blair,* HM 82–3791. Defendants argue that Ms. Blair learned of the causal connection between her injuries and the Dalkon Shield in "the summer of 1980, more than eight years after purchase." Defendants' Joint Memo-

randum at p. 13. Nothing in the record of *Blair* supports that factual allegation. Accordingly, a material fact, *i.e.* the date of legal injury, remains in dispute, and summary judgment in *Blair* is inappropriate at this time.

Dalkon Shield was inserted and used by the plaintiff." *Pottratz v. Davis, supra,* at 954. Oregon law applies, and ORS § 30.-905 bars this suit since no legal injury occurred within eight years of purchase of the Dalkon Shield. The fact that plaintiff discovered the causal connection between her injuries and the Dalkon Shield while in California on March 30, 1982, beyond the eight-year period, is immaterial. Her later discovery cannot toll the statute or revive claims already barred.

3. *Madill,* M 82–3789

4. *Havice,* M 83–162

5. *Maxted,* M 83–1713

In the remaining cases, the Dalkon Shield was purchased and inserted outside the State of Oregon.[4] *Pottratz* differs significantly from these cases because in *Pottratz,* "the injury to Mrs. Pottratz occurred in Oregon because that is *where the Dalkon Shield was inserted and used by the plaintiff.*" *Pottratz v. Davis, supra,* at 954 (emphasis added). Plaintiffs thus contend that *Pottratz* is not controlling because every event in these cases did not occur in Oregon. Defendants recognize this distinction but argue that Oregon law is still applicable because every event subsequent to purchase, including use, physical injury and discovery of causal connection, occurred in Oregon.

█ The conceptual problem in these cases is not "when" the injury occurred, but rather "where" the legal injury occurred. If the legal injury is deemed to have occurred in Oregon, these cases are barred by ORS § 30.905 because in each one, plaintiff did not discover a causal connection between her injuries and the Dalkon Shield within eight years. If, on the other hand, the legal injury occurred in the states where the Dalkon Shield was purchased and inserted, ORS § 30.905 is not applicable and will not bar these suits.

Since *Pottratz* dealt only with the issue of when, not where, the legal injury arose, this Court holds, as plaintiffs suggested,

that *Pottratz* is not controlling in these cases. There still remains an issue as to *where* the legal injury arose. Resolution of that issue will require analysis of more facts than are stated in the instant complaints, as well as a choice of law analysis as between Oregon law and that of the state of purchase. Accordingly, with respect to *Madill, Havice* and *Maxted,* defendants' motion for summary judgment will be denied, without prejudice, subject to renewal at the appropriate time.

### IV.

In conclusion, language from the *Pottratz* decision is appropriate:

Plaintiffs' losses are recognized and regretted by this Court. This Court further recognizes that other Dalkon Shield plaintiffs will be able to maintain actions in this Court, yet the instant plaintiffs will not. However, it is simply an unfortunate by-product of our federal-state system and the *Erie* doctrine that victims of common disasters and users of the same or similar products may be treated differently because of varying state laws.

*Id.,* at 956.

A separate Order confirming the within rulings will be entered.

### ORDER

The Memorandum of Judge Northrop filed herewith having been considered by each of the nine judges of this Court who have Dalkon Shield cases pending before them; and each of the undersigned judges having further considered the memoranda filed by the parties herein; and the undersigned judges having all agreed with the findings and conclusions reached by Judge Northrop in the attached Memorandum; and each of the undersigned judges having further determined that Judge Northrop's rulings should be applied in the cases listed herein; IT IS, this 20th day of December,

---

4. The Dalkon Shield was purchased and inserted by plaintiff Madill in Florida, by plaintiff Havice in Montana, and by plaintiff Maxted in California.

1984, by the United States District Court for the District of Maryland, ORDERED;

1. That the joint motion for summary judgment filed by defendants A.H. Robins Co. and Hugh J. Davis, M.D., BE, and the same hereby IS, GRANTED, in the following cases:

  a.  Tolliver, B 82–3790
  b.  Rice, HM 82–3792
  c.  Roxberg, B 83–18
  d.  Baxter, JH 83–19
  e.  McGuffin, K 83–20
  f.  Weiler, M 83–21
  g.  Radius, M 83–22
  h.  Witcher, HM 83–23
  i.  Guariglia, M 83–155
  j.  Johnson, JH 83–157
  k.  Lauder, B 83–158
  l.  McGrath, HM 83–159
  m.  Shadburne-Vinton, M 83–160
  n.  Pindar, HM 83–161
  o.  Waits, HM 83–164
  p.  Laycock-Cowles, HM 83–165
  q.  Chandler, M 83–167
  r.  Luxford, HM 83–168
  s.  Diamond, JH 83–169
  t.  Hamilton, B 83–1066
  u.  Howell-Coleman, B 83–2795
  v.  Philpott, JH 83–4125
  w.  Hoy, H 83–4216
  x.  Miller, H 83–4328

2. That judgment BE, and the same hereby IS, ENTERED in favor of the defendants against the plaintiffs in the above-listed actions;

3. That the Clerk of Court enter the above-listed cases as CLOSED on the Court's docket;

4. That the joint motion for summary judgment filed by defendants A.H. Robins Co. and Hugh J. Davis, M.D., BE, and the same hereby IS, DENIED, without prejudice, in the following cases:

  a.  Madill, M 82–3789
  b.  Blair, HM 82–3791
  c.  Havice, M 83–162
  d.  Maxted, M 83–1713

5. That the Clerk of Court shall place a copy of this Order and the foregoing Memorandum Opinion in each of cases cited in paragraphs 1 and 4 above; and

6. That the Clerk of Court shall mail copies of this Order and the foregoing Memorandum Opinion to counsel in these cases.

/s/Frank A. Kaufman
Frank A. Kaufman
Chief Judge

/s/ Edward S. Northrop
Edward S. Northrop
Senior Judge

/s/ Alexander Harvey II
Alexander Harvey II
Judge

/s/ James R. Miller, Jr.
James R. Miller, Jr.
Judge

/s/ Joseph H. Young
Joseph H. Young
Judge

/s/ Herbert F. Murray
Herbert F. Murray
Judge

/s/ Joseph C. Howard, Jr.
Joseph C. Howard, Jr.
Judge

/s/ Walter E. Black, Jr.
Walter E. Black, Jr.
Judge

/s/ John R. Hargrove
John R. Hargrove
Judge