FILED

NOV 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRANDON MAXFIELD,

Plaintiff - Appellant,

v.

GLENN FAIRALL,

Defendant - Appellee.

No. 11-35944

D.C. No. 6:11-cv-00285-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Oregon state prisoner Brandon Maxfield appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force

as barred by the statute of limitations.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008).  We affirm.

The district court properly dismissed the complaint as time-barred because Maxfield filed it after the statute of limitations had run.  *See* Or. Rev. Stat. § 12.110(1) (two-year statute of limitations for personal injury claims); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling.").

The district court properly rejected Maxfield's equitable tolling argument because Oregon law does not allow tolling during periods of imprisonment.  *See Douglas*, 567 F.3d at 1109.

The district court properly rejected Maxfield's equitable estoppel argument because Maxfield failed to allege a basis for estoppel.  *See Philpott v. A.H. Robins Co., Inc.*, 710 F.2d 1422, 1425 (9th Cir. 1983) (for equitable estoppel to apply, there must be an affirmative inducement by defendant that delayed plaintiff from timely filing suit).

**AFFIRMED.**