NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APPLETON PICKETT, Jr.,

               Plaintiff - Appellant,

  v.

MAX WILLIAMS; et al.,

               Defendants - Appellees.

No. 11-35933

D.C. No. 6:09-cv-00689-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Oregon state prisoner Appleton Pickett, Jr., appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Pickett's claim alleging failure to protect him from inmate assault because Pickett failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (claim of deliberate indifference requires showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety").

The district court properly granted summary judgment on Pickett's due process claims because the hearings officer properly declined to call witnesses whose testimony was irrelevant to the proceedings, and there is no constitutional right to request an investigation or receive administrative review of prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974) (describing minimum procedural due process protections in prison disciplinary proceedings).

The district court properly granted summary judgment on Pickett's retaliation claims because Pickett failed to raise a genuine dispute of material fact as to whether the allegedly retaliatory actions were not supported by legitimate correctional goals. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (a

prisoner plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains").

The district court properly granted summary judgment on Pickett's access-to-courts claims because Pickett failed to raise a genuine dispute of material fact as to whether the allegedly inadequate grievance process and law library services resulted in actual injury to him. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996) (to establish denial of access to courts, a prisoner must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Pickett's claims alleging deliberate indifference to medical needs because Pickett failed to raise a genuine dispute of material fact as to whether defendants failed to address a serious medical need. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) ("In order to violate the Eight Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" (citation omitted)).

The district court properly granted summary judgment on Pickett's claim regarding legal correspondence because Pickett failed to raise a genuine dispute of material fact as to whether defendants opened mail marked as legal correspondence

outside his presence. *See Wolff*, 418 U.S. at 576-77 (prison officials may require that legal correspondence be marked as originating from an attorney, and may open such mail in the presence of the prisoner).

The district court properly granted summary judgment on Pickett's claim alleging unsafe and inhumane living conditions because Pickett failed to raise a genuine dispute of material fact as to whether he suffered a deprivation resulting in "the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (citation omitted).

The district court properly granted summary judgment on Pickett's claims alleging violations of the Americans with Disabilities Act ("ADA") because Pickett failed to raise a genuine dispute of material fact as to whether he suffered disability-based discrimination. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

The district court properly concluded that the seventh, twelfth, and thirteenth claims set forth in the operative complaint are time-barred because the alleged acts or omissions occurred more than two years before Pickett filed the complaint. *See* Or. Rev. Stat. § 12.110(1) (two-year statute of limitations for personal injury claims); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("State law

governs the statute of limitations period for § 1983 suits[.]").  Moreover, to the extent that any acts or omissions underlying Pickett's claims alleging retaliation, denial of access to courts, deliberate indifference to medical needs, and opening legal correspondence arose before July 17, 2007, the district court properly granted summary judgment because those claims are time-barred.  *See* Or. Rev. Stat. § 12.110(1).  Pickett has not alleged a basis for equitably estopping defendants from asserting a statute of limitations defense.  *See Philpott v. A.H. Robins Co., Inc.*, 710 F.2d 1422, 1425 (9th Cir. 1983) (for equitable estoppel to apply, there must be an affirmative inducement by defendant that delayed plaintiff from timely filing suit).

We do not consider matters raised for the first time on appeal, such as Pickett's arguments regarding the Rehabilitation Act and respondeat superior liability.  *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).

**AFFIRMED.**