[No. 5035–1–III.   Division Three.   April 7, 1983.]

DEBORAH DiBERNARDO–WALLACE, *Appellant,* v. SAMUEL GULLO, ET AL, *Respondents.*

*Dennis Wallace* and *Wallace, Powell & Giboney,* for appellant.

*David K. Dewolf* and *Lukins & Annis,* for respondents.

McINTURFF, J.—Deborah DiBernardo–Wallace appeals from the dismissal of her complaint for damages. The appeal raises issues concerning (1) the effect of the defendants Gullos' general appearance on their later motion to dismiss for lack of personal jurisdiction, and (2) the sufficiency of the Gullos' alleged activity in Washington as the basis for personal jurisdiction.

In 1979, Mrs. DiBernardo–Wallace and Anthony Gullo were divorced in Oregon. In that divorce, Mrs. DiBernardo–Wallace obtained a judgment against Mr. Gullo for $16,000, which represented her interest in a piece of Oregon real estate. The judgment provided for execution on the property after September 19, 1980.

Before Mrs. DiBernardo–Wallace could execute on the real property, Mr. Gullo transferred it to his parents, Samuel and Josephine Gullo. Mr. and Mrs. Gullo are residents of California. The transfer allegedly blocked Mrs. DiBernardo–Wallace's attempt to collect her judgment through execution.

Mrs. DiBernardo–Wallace then brought this action against Mr. and Mrs. Gullo in Spokane County, the place of her residence at the times pertinent to the lawsuit. In it, she asked for damages for conversion and intentional infliction of emotional distress. She alleged the transfer of the property was a fraudulent transaction entered into for the sole purpose of preventing her from satisfying her judgment. According to Mrs. DiBernardo–Wallace, she was relying on the $16,000 to pay debts and to provide a better home for her children. She charges that Mr. and Mrs. Gullo knew of her plans and also knew their actions would cause her great mental distress and anxiety.

Attorneys for Mr. and Mrs. Gullo filed a notice of appearance. They then successfully moved the trial court to dismiss for lack of jurisdiction over the person.

First, Mrs. DiBernardo–Wallace contends the Gullos waived any objection to personal jurisdiction when they filed a notice of appearance. It has been held that a person who enters a general appearance submits himself to the jurisdiction of the court. *Meisenheimer v. Meisenheimer*, 55 Wash. 32, 41, 104 P. 159 (1909); *Dlouhy v. Dlouhy*, 55 Wn.2d 718, 721, 349 P.2d 1073 (1960). However, the cited holdings were made prior to Washington's adoption of the Federal Rules of Civil Procedure in 1967. CR 4(d)(5) now provides: "A voluntary appearance of a defendant does not preclude his right to challenge lack of jurisdiction over his person . . . pursuant to Rule 12(b)." Accordingly, we hold the Gullos did not waive any objection to lack of jurisdiction over their persons by filing a general appearance. *See Emerson v. National Cylinder Gas Co.*, 131 F. Supp. 299, 301 (D. Mass. 1955); and 2A J. Moore, *Federal Practice* ¶ 12.12, at 2325 (1981).

Second, Mrs. DiBernardo–Wallace argues that the fact the injury from the alleged torts was suffered by her while in Washington is sufficient to subject the Gullos to jurisdiction here. Mrs. DiBernardo–Wallace bases her argument for jurisdiction on the long arm statute, RCW 4.28.185, which states:

(1) Any person, whether or not a citizen or resident of this state, who . . . does any of the acts in this section enumerated, thereby submits . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

. . .

(b) The commission of a tortious act within this state;

■ Our courts' interpretation of the long arm statute has been guided by *International Shoe v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945). There, the Court addressed the limitations imposed by due process on state court jurisdiction over nonresident defendants, stating:

[I]n order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

In *Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 115–16, 381 P.2d 245 (1963), the court found that three factors must coincide in order for jurisdiction to be entertained:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice . . .

(Footnotes omitted.)

■ We need not decide whether factors (1) and (2) are met here because we hold *Tyee*'s third factor, *i.e.,* that the assumption of jurisdiction does not offend traditional

notions of fair play and substantial justice, is absent. In determining whether this third factor exists, the courts consider the quality, nature and extent of the defendant's activity in Washington, the relative convenience of the plaintiff and the defendant in maintaining the action here, the benefits and protection of Washington's laws afforded the parties, and the basic equities of the situation. *Tyee,* at 116.

We conclude the "quality, nature and extent" of the Gullos' activities in Washington are not adequate to justify the assumption of jurisdiction over them. The allegedly fraudulent transaction was a single, isolated incident with an effect in Washington only because Mrs. DiBernardo–Wallace had chosen to reside in this state. By itself, "'foreseeability' [of an effect in the forum state] has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 62 L. Ed. 2d 490, 500, 100 S. Ct. 559 (1980). Nor can the unilateral activity of the plaintiff who claims some relationship with the nonresident defendants satisfy the requirement of contact with the forum state. *Kulko v. Superior Court,* 436 U.S. 84, 90, 56 L. Ed. 2d 132, 98 S. Ct. 1690, *reh'g denied,* 436 U.S. 908, 57 L. Ed. 2d 1150, 98 S. Ct. 3127 (1978) (quoting from *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228, 1240 (1958)).

The remaining considerations set forth in *Tyee* do not indicate a different result. Although it will be inconvenient for Mrs. DiBernardo–Wallace to litigate her claim outside Washington, it would be just as inconvenient for the Gullos to come to Washington to defend against the claim. This inconvenience may be compounded if the witnesses also reside out of the state and must be brought to this forum at the parties' expense. Furthermore, the Gullos' activity is not of a nature that seeks the benefits and protections of Washington's laws. Their position is not comparable to that of, for example, the out–of–state manufacturer who retains a vendor's interest in a product sold to a Washington resi-

dent which it can enforce in Washington's courts. *See Nixon,* at 993–94.

The cases relied upon by Mrs. DiBernardo–Wallace are all distinguishable. As noted above, the manufacturer in *Nixon* retained a vendor's interest in its product which it could have enforced in Washington's courts, and also sent agents into the state to install and service its product. In *Golden Gate Hop Ranch,* at 471, the nonresident manufacturer had engaged in nationwide advertising, sent a representative to Washington to do "missionary" work for its product, and subsidized a research laboratory at a state college which conducted tests in the use of the product. In both cases, the nonresident defendant had additional contacts with Washington which are not present here. *Jeffrey v. Whitworth College,* 128 F. Supp. 219 (E.D. Wash. 1955) was concerned with a choice of law problem, and did not address the question of jurisdiction.

Consequently, we hold the Gullos do not have sufficient contact with Washington to justify the assumption of personal jurisdiction over them in this forum.

The order of the Superior Court dismissing Mrs. DiBernardo–Wallace's action for lack of jurisdiction is affirmed.

ROE, C.J., and GREEN, J., concur.