Argued and submitted February 8, affirmed March 22, 1989

# JOHNSON et al,
*Appellants,*

*v.*

# PEACOCK LUMBER COMPANY, INC.,
*Respondent.*

(87-12-31637; CA A48732)

770 P2d 960

Ralph G. Monson, Toledo, argued the cause and filed the brief for appellants.

Gary J. Susak, Portland, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

The Johnsons (Johnsons), holders of an Idaho judgment against Peacock Lumber Company, Inc. (Peacock), for $41,755, appeal an order voiding that judgment on the ground that the Idaho court lacked personal jurisdiction over Peacock. We affirm.

Johnsons sued Lloyd Lumber (Lloyd), their immediate supplier, in Idaho, for damages caused by defective beams installed in a residence that they had constructed in Idaho. Peacock, an Oregon based firm, manufactured the beams. Lloyd brought a third party action for indemnification against Peacock and Ashlee Forest Products (Ashlee), the Idaho broker who sold the beams to Lloyd. Peacock was properly served with notice but elected not to appear, apparently believing that the action had been settled. Lloyd obtained a default judgment against Peacock, which it assigned to Johnsons, who registered the judgment in Oregon, pursuant to the Uniform Enforcement of Foreign Judgments Act. ORS 24.105 to ORS 24.175. Peacock moved to set aside the judgment and for a permanent stay against its enforcement. The court voided the judgment on the ground that the Idaho court did not have personal jurisdiction over Peacock.

Johnsons argue that Peacock was subject to the personal jurisdiction of the Idaho courts, primarily because Peacock entered its products in the stream of commerce, knowing that some of them were to be sold in Idaho. Idaho law controls on the nonconstitutional aspects of the problem. *Peterson v. Ely,* 279 Or 581, 569 P2d 1059 (1977); *Bay Plaza Management v. Estep,* 269 Or 275, 278, 525 P2d 56 (1974). Under Idaho law, analysis of personal jurisdiction involves two issues: "whether the acts alleged fall within the acts enumerated by the [long-arm] statute,[1] and whether the assertion of jurisdiction would

---

[1] The Idaho long-arm statute, Idaho Code § 5-514, provides, in part:

"Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation * *.* to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person firm, company, association or corporation."

violate the defendant's right to due process of law." *Akichika v. Kelleher,* 96 Idaho 930, 932, 539 P2d 283 (1975). Because we conclude that the Idaho court's exercise of jurisdiction over Peacock violated Peacock's due process rights, we do not separately address the statutory criteria.

Peacock is incorporated in Oregon and maintains its sole place of business in La Grande. It is not licensed to do business in any other state. It solicits business through local Oregon phone directories. All orders are picked up at the mill. Peacock knew that its products are ultimately sold by brokers to customers in other states. Ashlee initiated the purchase in question and arranged for pickup and transportation of the lumber from the Oregon mill site. Peacock has done business with Ashlee since the mid-1970s. Its manager testified at the motion hearing that Peacock has probably sold lumber to Idaho brokers throughout the 30 years that it has been in business.

■ The Idaho Supreme Court has interpreted the Idaho long-arm statute to confer all of the jurisdiction available to the state under the Due Process Clause of the United States Constitution. *Schwilling v. Horne,* 105 Idaho 294, 669 P2d 183 (1983); *Doggett v. Electronics Corp. of Am., Combust. Con. Div.,* 93 Idaho 26, 454 P2d 63 (1969). Under federal due process standards, a defendant must have had "minimum contacts" with the forum state before the exercise of jurisdiction comports with "fair play and substantial justice." *International Shoe Co. v. Washington,* 326 US 310, 66 S Ct 154, 90 L Ed 95 (1945). The minimum contacts must include some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 US 235, 253, 78 S Ct 1228, 2 L Ed 2d 1283 (1958). Mere forseeability that a product will reach the forum state is not alone enough; the "conduct and connection" with the forum state must be such that a defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 US 286, 297, 100 S Ct 559, 567, 62 L Ed 2d 490 (1980). Generally, the defendant must initiate the contacts that establish the basis for the forum state's exercise of jurisdiction; the unilateral act of another party is not constitutionally sufficient. *World-Wide Volkswagen Corp. v. Woodson, supra.* Justice O'Connor has observed:

"The 'substantial connection' * * * between the defendant and the forum State necessary for a finding of minimum contacts must come about *by an action of the defendant purposefully directed toward the forum State. Burger King [Corp. v. Rudzewicz,* 471 US 462, 476 (1985)]. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Ind. v. Super. Ct. of Cal., Solano Cty.,* 480 US 102, 112, 107 S Ct 1026, 94 L Ed 2d 92 (1987). (O'Connor, J., concurring.) (Emphasis supplied.)

Peacock introduced its products into the stream of commerce with some awareness of where they might ultimately be used. It knew, for example, that Ashlee was an Idaho broker that sold lumber in Idaho. It also had contacts over a number of years with Idaho brokers. Although it is possible that, in the course of these transactions, Peacock initiated some contacts with the Idaho market or solicited business directly, on this record we cannot say that it did.

■ ■ The party asserting jurisdiction has the burden of proving it. *See, e.g., Schneider v. Sverdsten Logging Co.,* 104 Idaho 210, 214 n 2, 657 P2d 1078 (1983). Johnsons failed to produce any evidence of the kind and frequency of contacts that Peacock initiated in Idaho or in the Idaho market. The contacts developed in the record are not sufficient to satisfy due process requirements. Rather, the record indicates that Peacock did not solicit business in Idaho, did not advertise in Idaho and did not directly deliver its goods to Idaho. We conclude that Peacock did not "purposefully avail itself of the privilege of conducting activities" in Idaho, *Hanson v. Denckla, supra,* 357 US at 253, nor did it engage in any other act "purposefully directed" toward Idaho. *Asahi Metal Ind. v. Super. Ct. of Cal., Solano Cty., supra,* 480 US at 112. We hold that, under the circumstances, the Idaho court did not have jurisdiction to enter a judgment against Peacock.

Affirmed.