**WESTERN HELICOPTERS, INC., an Oregon corporation; and Edwina Marie Cruse, as Personal Representative of the Estate of Russell Leroy Cruse, Deceased, Plaintiffs,**

v.

**ROGERSON AIRCRAFT CORPORATION, a California corporation; Rogerson–Hiller Corporation, a Washington corporation; Hiller Aviation, Inc., a California corporation; Omneco, a Nevada corporation; Cal–Doran Metallurgical Services, Inc., a California corporation; National Heat Treating Company, Inc., a California corporation; Metal Improvement Company, a California corporation; Dixon Hard Chrome, a California corporation; All Metals Processing of Orange County, Inc., a California corporation; Embee EP Plating, a California corporation; Arden Engineering, a California corporation; Reisner Metals, Inc., a California corporation; Sonic Testing and Engineering, Inc., a California corporation; Hall Heat Treating, a California corporation; Dave Magorien Co., Inc., a California corporation; Peen–Rite, Inc., a California corporation; Tube Service Co., a California corporation; and Burbank Steel Treating, Inc., a California corporation, Defendants.**

Civ. No. 87–1435–FR.

United States District Court,
D. Oregon.

June 21, 1989.

See also 715 F.Supp. 1493.

Lloyd B. Ericsson, Lisa Brett Egan, Timothy E. Miller, Martin, Bischoff, Templeton, Ericsson & Langslet, Portland, Or., for plaintiffs.

Todd A. Bradley, Hanna, Spencer, Kerns & Strader, Portland, Or., for defendant Dixon Hard Chrome.

Richard M. Layne, Barbara J. Gazeley, Garvey, Schubert & Barer, Portland, Or., for defendant Burbank Steel Treating, Inc.

FRYE, District Judge:

The following motions are before the court:

(1) defendant Burbank Steel Treating, Inc.'s (Burbank's) motion to dismiss (# 82);

(2) defendant Dixon Hard Chrome's (Dixon's) motion to dismiss (# 84).

## BACKGROUND

This is a products liability case stemming from a helicopter crash which occurred on January 16, 1986, and which resulted in the death of the pilot, Russell Leroy Cruse. The plaintiffs are Western Helicopters, Inc. (Western), an Oregon corporation which employed Russell Leroy Cruse, and Edwina Marie Cruse, the Personal Representative of the Estate of Russell Leroy Cruse (the estate). Western seeks damages for the loss of the helicopter. The estate seeks damages for the wrongful death of Russell Leroy Cruse.

The complaint was filed on December 24, 1987. Named as defendants are the sellers and the manufacturers of the helicopter: Rogerson Aircraft Corporation, Rogerson-Hiller Corporation, Hiller Aviation, Inc., Morton Thiokol, and Omneco. Hiller Aviation and Morton Thiokol have since been dismissed by plaintiffs.

On February 7, 1989, an amended complaint was filed which added fifteen new defendants who allegedly were involved in the manufacture, installation or maintenance of the main rotor blade fork. The amended complaint, like the original complaint, alleges that the helicopter crashed due to a defect in the main rotor blade fork. The amended complaint includes claims for strict liability, wrongful death, negligence, and breach of warranty.

Burbank and Dixon were first named as defendants in the amended complaint. Burbank is a California corporation which provides heat treating services for machine parts. Dixon is a California corporation which provides metal plating for machine parts.

The parties have engaged in discovery to determine which defendants were connected with the allegedly defective fork. As a result, several parties have been dismissed voluntarily, including National Heat Treating Company, Inc., Metal Improvement

Company, and Dave Magorien Co., Inc. Correspondence between the parties indicates that a few more parties may be dismissed in the near future.

## CONTENTIONS OF THE PARTIES

Burbank's motion is based on three grounds: 1) the court lacks personal jurisdiction over Burbank; 2) this action is barred by the statute of limitations; and 3) the claim for breach of an implied warranty fails to state a cause of action.

Burbank contends that this court has no personal jurisdiction over it because Burbank is a California corporation which has little or no connection with the State of Oregon. Burbank also argues that plaintiffs failed to name it within the limitation period provided in O.R.S. 30.905. Finally, Burbank argues that the claim for breach of an implied warranty must fail because there is no privity and because the implied warranty on an industrial product does not extend to the employees of the purchaser of the product.

Plaintiffs contend that this court has limited personal jurisdiction over Burbank because Burbank was a participant in the manufacturing process for helicopter parts, which parts were intended to be distributed worldwide, including into the State of Oregon.[1]

Plaintiffs argue further that this action is not barred as against Burbank because plaintiffs could not reasonably have discovered Burbank's role in the manufacture of the main rotor blade fork before January, 1989. Finally, plaintiffs concede that their claims for breach of an implied warranty should be dismissed.

Dixon's motion is based on two grounds: 1) the court lacks personal jurisdiction over Dixon; and 2) these claims are barred by the applicable statute of limitations, O.R.S. 30.905.

Dixon argues that it is not subject to personal jurisdiction in the State of Oregon because it is a California corporation which does not do business in the State of Ore-

gon, and which has little or no connection with the State of Oregon. Dixon raises the same legal arguments as Burbank on this point. Dixon also contends that plaintiffs failed to name it within the two-year limitation period of O.R.S. 30.905. Dixon argues that the discovery doctrine does not apply, and if it did, that plaintiffs have not sufficiently plead discovery. Dixon raises the same legal arguments as Burbank regarding the statute of limitations issue.

Plaintiffs respond to Dixon's motion with much the same arguments used against Burbank's motion.

## ANALYSIS AND RULING

### 1. *Personal Jurisdiction—Burbank*

■ Burbank contends that it is not subject to the personal jurisdiction of this court. In support of this contention, Burbank has submitted the affidavit of Larry W. Bennett, the vice president of Burbank.

Bennett avers that Burbank is a California corporation which maintains its sole place of business in Burbank, California; that Burbank advertises only in the area of Los Angeles, California; that Burbank has never employed anyone in the State of Oregon or employed distributors or sales agents to serve the State of Oregon; that Burbank has never sold any products or services in the State of Oregon or for delivery in the State of Oregon; and that Burbank has never had a registered agent for service of process in the State of Oregon. Bennett further states that Burbank's customers come from a variety of industries, and that Burbank usually is not told the precise purpose or destination of the parts which it treats.

Plaintiffs respond with evidence that Burbank provided heat treatment for helicopter forks that went to Hiller Aviation, the manufacturer of the helicopter involved here, and that Burbank was given "blueprints" indicating that the helicopter forks were to be used in Hiller Aviation's helicopters. This evidence is sufficient to support an inference that Burbank knew that it was

---

**1.** Plaintiffs do not contend that Burbank's contacts with the State of Oregon are systematic or

continuous enough to support general personal jurisdiction.

treating parts for a helicopter distributor which would sell helicopters for use outside of the State of California.

To determine whether there is personal jurisdiction over a non-resident defendant in a diversity case, a federal court must look to the law of the forum state. *Hunt v. Erie Ins. Group,* 728 F.2d 1244, 1246 (9th Cir.1984) (applying California law). Oregon Rule of Civil Procedure 4 governs personal jurisdiction in the State of Oregon.

Oregon Rule of Civil Procedure 4 sets out various specific situations where a party is subject to personal jurisdiction, and concludes that the State of Oregon has jurisdiction "in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." Or.R.Civ.P. 4 L. Therefore, the court must determine whether the exercise of jurisdiction by a court in the State of Oregon comports with federal due process. *See FDIC v. British–American Ins. Co.,* 828 F.2d 1439, 1441 (9th Cir.1987).

The law is in a state of flux on the issue of whether a defendant becomes subject to personal jurisdiction merely by placing a product into the stream of commerce with the knowledge that the product is likely to arrive in the forum state. In *Hedrick v. Daiko Shoji Co.,* 715 F.2d 1355, 1358 (9th Cir.1983), the Ninth Circuit held that a Japanese manufacturer of wire-rope splices destined to be used on ships serving world ports was subject to personal jurisdiction in the State of Oregon.

The Ninth Circuit found that the splice caused an injury to Hedrick in a port that was within the expected service area of Daiko's customers. The court concluded that in product liability cases, "[a] manufacturer or supplier of a defective product who knew or should have known that a product would enter the stream of foreign commerce can be subjected, consistently with due process, to a forum state's long-arm jurisdiction." *Id.* at 1358. The court found that *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62

L.Ed.2d 490 (1980), was distinguishable because in that case the defendants' sales activities were aimed only at the northeastern part of the United States, and the presence of one of their cars in the State of Oklahoma was purely fortuitous. 715 F.2d at 1358.

The Oregon Supreme Court used the same reasoning in *State ex rel. Hydraulic Servocontrols Corp. v. Dale,* 294 Or. 381, 657 P.2d 211 (1982), a product liability case. The defendant, Hydraulic Servocontrols Corporation, was a New York corporation which manufactured components that were installed in Cessna airplanes. The Court held that although Hydraulic did not conduct any sales activity in the State of Oregon, it was subject to the personal jurisdiction of the State of Oregon because Hydraulic had undertaken economic activity "with the expectation that its products ultimately will come to rest in every state." 294 Or. at 389, 657 P.2d 211.

The recent United States Supreme Court decision in *Asahi Metal Indus. Co. v. Superior Court of California,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), throws some doubt on the rationale of *Hedrick* and *Hydraulic Servocontrols.* In *Asahi,* a Taiwanese company, Cheng Shin, manufactured inner tubes for use in motorcycle tires, incorporating valve stems manufactured by Asahi, a Japanese company. Cheng Shin sold its products in the State of California. A California resident, Gary Zurcher, was injured in a motorcycle accident in the State of California. Zurcher brought a product liability action in a California state court, alleging that Cheng Shin's inner tube was defective. Cheng Shin cross-claimed for indemnity against Asahi. Before trial, Zurcher settled his claim against Cheng Shin, leaving only the indemnity claim to be tried. 107 S.Ct. at 1030.

A majority of the Supreme Court held that the exercise of personal jurisdiction by a court in the State of California was unreasonable and unfair given the weakness of that state's interest in the claim for indemnification and the burden placed on Asahi by litigation in a foreign court. 107

S.Ct. at 1035. Eight justices joined in this portion of the opinion.

Only four justices joined in section IIA of the opinion, upon which Burbank relies. Section IIA discusses whether due process allows a court to exercise personal jurisdiction over a defendant whose only contact with the forum state was to place products in the stream of commerce with the expectation that they might arrive in the forum state. Section IIA notes that there is a conflict between circuits on this question. Section IIA disapproves the Ninth Circuit's approach in *Hedrick* and concludes that the mere placement of a product into the stream of commerce is not an act of the defendant purposefully directed toward the forum state, and that additional conduct by the defendant is required to support personal jurisdiction. 107 S.Ct. at 1033.

As noted above, Section IIA is not the opinion of a majority of the Supreme Court. Therefore, *Hedrick* has not been overruled and remains the controlling case law in the Ninth Circuit. Under *Hedrick*, plaintiffs have shown a sufficient basis for the exercise of personal jurisdiction by this court. Accordingly, Burbank's motion to dismiss for lack of personal jurisdiction is denied.[2]

2. *Statute of Limitations—Burbank*

Burbank contends that Western's product liability claims are barred by the two-year statute of limitations in O.R.S. 30.-905(2), and that the estate's wrongful death claims are barred by the three-year statute of limitations in O.R.S. 30.020(1).

O.R.S. 30.905(2) states: "Except as provided in ORS 30.907 [asbestos cases], a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

O.R.S. 30.020(1) states, in part: "The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent."

■ The helicopter crash which caused the death of Russell Cruse occurred on January 16, 1986. The original complaint was filed on December 24, 1987, less than two years later. The amended complaint, which named defendants Burbank and Dixon for the first time, was filed on February 8, 1989. The Bennett affidavit states that Burbank did not have knowledge of the helicopter crash or the fact of this lawsuit until approximately February 10, 1989, more than three years after the crash.

Thus, the original complaint was filed within the applicable statute of limitation, but the amended complaint was filed more than three years after the crash. Under Fed.R.Civ.P. 15(c), an amendment which adds a new party will relate back to the original filing only if:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; and

(2) within the applicable limitations period, the new party received such notice of the institution of the action that the party will not be prejudiced in maintaining its defense on the merits; and

(3) within the limitations period, the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the new party.

Burbank has provided uncontradicted evidence that it had no notice of the crash or of this lawsuit until more than three years after the crash. Therefore, plaintiffs fail to meet the second and third requirements for relation back under Rule 15(c).

---

**2.** Similarly, the recent decision of the Oregon Court of Appeals in *Johnson v. Peacock Lumber Co.,* 95 Or.App. 710, 770 P.2d 960 (1989), does not invalidate the doctrine of the Oregon Supreme Court in *Hydraulic Servocontrols.* In *Johnson,* the Court of Appeals found that there was no personal jurisdiction in the State of Idaho over an Oregon lumber company which sold lumber to a broker in the State of Idaho for resale to residents of the State of Idaho. 95 Or.App. at 712, 770 P.2d 960. The facts in *Johnson* are not as closely comparable to this case as the facts in *Hydraulic Servocontrols,* and this court cannot presume that the Oregon Supreme Court would change its holding in *Hydraulic Servocontrols.*

■ Plaintiffs contend, however, that the statutes of limitations are extended by the "discovery rule" because they did not discover the role of Burbank in the manufacture of the helicopter fork until January, 1989. Burbank argues that the discovery rule is inapplicable in wrongful death and product liability actions.

As to the wrongful death claims, the Oregon Supreme Court recently ruled that the discovery doctrine does not operate to extend the three-year limitation of O.R.S. 30.020. *Eldridge v. Eastmoreland Gen. Hosp.*, 307 Or. 500, 504, 769 P.2d 775 (1989). The court analyzed the legislative history of O.R.S. 30.020 and concluded that the legislature intended to set a strict three-year limitation period for wrongful death claims. *Id.*

The court also found that the phrase "after the occurrence of the injury causing the death of the decedent" in O.R.S. 30.020 is far less susceptible to judicial interpretation than the phrase "after the cause of action shall have accrued" in O.R.S. 12.010. Although Oregon courts have applied the discovery rule in negligence and malpractice cases subject to O.R.S. 12.010, the *Eldridge* court found the discovery rule to be inappropriate in light of the distinctive language and legislative history of O.R.S. 30.-020. 307 Or. at 503, 769 P.2d 775.

■ Whatever the underlying theory of relief, all wrongful death claims are governed by O.R.S. 30.020. In *Eldridge*, for instance, the wrongful death claim was based on the theories of negligence and medical malpractice. However, the court applied the strict three-year period of O.R.S. 30.020 rather than the limitations for negligence or malpractice. Likewise, in this case, the court must apply O.R.S. 30.-020 to the estate's claims although they are based on theories of product liability and negligence.

The estate's claims against Burbank were filed more than three years after the accident which caused the death of Russell Cruse. This case does not meet the requirements for relation back. Therefore, the estate's claims against Burbank were filed after the expiration of the statute of limitations, and Burbank's motion to dismiss must be granted as to the estate.

■ A different analysis applies to Western's product liability claims for damage to the helicopter. These claims, whether characterized as negligence or product liability, are subject to the two-year limitation for product liability claims in O.R.S. 30.905. *Sealey v. Hicks*, 95 Or.App. 182, 185–86, 768 P.2d 428 (1989). Oregon courts have held that the discovery rule applies to product liability cases under O.R.S. 30.905. *See Dortch v. A. H. Robins Co.*, 59 Or.App. 310, 315, 650 P.2d 1046 (1982); *accord Baird v. Electro Mart Factory Direct, Inc.*, 47 Or.App. 565, 615 P.2d 335 (1980).

Burbank contends that *Dortch* is no longer valid after the Oregon Supreme Court ruling in *Eldridge*. However, the *Eldridge* decision does not discuss *Dortch* and holds only that the discovery rule is inapplicable in wrongful death cases. 307 Or. at 504–05, 769 P.2d 775. Moreover, *Eldridge* relied on legislative history showing an intent that the discovery rule not be applied in wrongful death cases. In *Dortch*, the Court of Appeals analyzed the legislative history of O.R.S. 30.905 and concluded that it was neutral in regard to the discovery rule. 59 Or.App. at 316, 650 P.2d 1046.

■ The *Eldridge* opinion does not overrule *Dortch*, either expressly or by implication. Therefore, this court must continue to apply the discovery rule to product liability claims. Plaintiffs have presented the affidavit of attorney Lloyd Ericsson, which states that plaintiffs first learned of the role of Burbank from disclosures by another defendant, Omneco, in January of 1989. Ericsson states that only Omneco could provide this information since the main rotor blade fork carried no identification mark, brand stamp, or other marking to indicate any other manufacturer.

The record in this case shows that although plaintiffs have been pursuing dis-

covery, it has been difficult to identify the persons who participated in the manufacture of the main rotor blade fork. The court finds that Western has sufficiently alleged that it could not reasonably have discovered the role of Burbank before January, 1989. Therefore, Burbank's motion to dismiss is granted as to the estate and denied as to Western.

### 3. *Personal Jurisdiction—Dixon*

■ Dixon relies on the same authorities and arguments as the other defendants in support of its contention that it is not subject to personal jurisdiction in the State of Oregon. Dixon presents the affidavit of Ronald W. Dixon, its vice president. Ronald Dixon avers that Dixon is a California corporation with its principal place of business in Sun Valley, California; that Dixon has never owned property or transacted business in the State of Oregon; that Dixon has never maintained any agents or employees in the State of Oregon; that Dixon has no contracts requiring performance in the State of Oregon; and that Dixon has never appointed a registered agent for service of process in the State of Oregon.

Ronald Dixon further states that although Dixon knows that some of the parts brought to it for metal plating will end up in aircraft, it does not generally know the purpose or ultimate destination of the equipment or aircraft.

As above, plaintiffs respond with evidence that Dixon performed plating processes on helicopter forks that went to Hiller Aviation, the manufacturer of the helicopter, and that Dixon was given "blueprints" indicating that the forks were to be used in Hiller Aviation's helicopters. This evidence is sufficient to support an inference that Dixon knew that it was plating parts for a worldwide distributor of helicopters which would sell helicopters for use outside of the State of California.

As discussed in section 1 of this opinion, such evidence is sufficient to support the exercise of personal jurisdiction under *Hedrick, supra,* and *Hydraulic Servocontrols, supra.* Accordingly, Dixon's motion to dismiss for lack of personal jurisdiction is denied.

### 4. *Statute of Limitations—Dixon*

Dixon makes the same arguments as Burbank in regard to the statute of limitations. The analysis set out in section 3 of this opinion applies equally to Dixon's motion. The amended complaint does not relate back to the filing of the original complaint. The estate's claims are barred under O.R.S. 30.020, but Western's claims are not barred due to the discovery rule. Therefore, Dixon's motion to dismiss is granted as to the estate and denied as to Western.

### CONCLUSION

The motion to dismiss of defendant Burbank (# 82) is granted in part and denied in part as follows: the motion to dismiss for lack of personal jurisdiction is denied; the motion to dismiss on statute of limitations grounds is granted as to the estate and denied as to Western; and the motion to dismiss the implied warranty claim is granted.

The motion to dismiss of defendant Dixon (# 84) is granted in part and denied in part as follows: the motion to dismiss for lack of personal jurisdiction is denied; and the motion to dismiss on statute of limitations grounds is granted as to the estate and denied as to Western.