Argued and submitted July 24, affirmed, motion for penalty pursuant to
ORS 19.160 denied September 6, 1989

COUGHLAN,
*Appellant,*

*v.*

BAXTER et ux,
dba C & G Auto Repair & Body Work,
*Respondents.*

(CV88-261; CA A50673)

778 P2d 997

David A. Hilgemann, Salem, argued the cause for appellant. With him on the brief was Graves & Hilgemann, Salem.

Roger F. Anderson and Anderson & Dittman, Tigard, waived appearance for respondents.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

In a guardianship proceeding, plaintiff obtained an order from a Washington probate court directing defendants, residents of Oregon, to release a vehicle belonging to Eunice B. Risedorph, the incompetent, upon receipt of $300 from Risedorph's estate, such amount having been determined by that court to be reasonable compensation for defendants' services in storing the vehicle in Oregon. Plaintiff subsequently filed the Washington order in Oregon, pursuant to the Uniform Enforcement of Foreign Judgments Act. ORS 24.105 *et seq.* The trial judge granted defendants' motion to set aside the filing of the Washington order, and plaintiff appeals. We affirm.

"[A]ny judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state," ORS 24.105, may be filed for enforcement in Oregon state court. ORS 24.115. Assuming that the Washington order would otherwise be entitled to full faith and credit, *see Callender v. Bumbleberry,* 39 Or App 487, 491, 592 P2d 1050 (1979), it is not entitled, if the Washington court lacked personal jurisdiction over defendants. *See Peterson v. Ely,* 279 Or 581, 569 P2d 1059 (1977); *Johnson v. Peacock Lumber Co.,* 95 Or App 710, 770 P2d 960 (1989). The question to be decided is not whether our courts would find jurisdiction in this particular case; rather, the issue of personal jurisdiction is to be analyzed with reference to Washington law. *Peterson v. Ely, supra; Johnson v. Peacock Lumber Co., supra.*

Washington's long-arm statute, RCW 4.28.185, extends the jurisdiction of that state's courts as far as is permitted by the Due Process Clauses of the United States Constitution, except as limited by the terms of the statute. *Deutsch v. West Coast Machinery Co.,* 80 Wash 2d 707, 711, 497 P2d 1311, *cert denied sub nom Kansai Iron Works, Ltd. v. Marubeni-Ida, Inc.,* 409 US 1009 (1972). The Due Process Clause permits the exercise of jurisdiction over a nonresident defendant so long as that defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *DiBernardo-Wallace v. Gullo,* 34 Wash App 362, 365, 661 P2d 991 (1983), quoting *International Shoe*

*v. Washington,* 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945). The Washington Supreme Court has provided this standard to be applied in determining the existence of jurisdiction in a particular case:

"In order to subject nonresident defendants and foreign corporations to the in personam jurisdiction of this state as the forum under RCW 4.28.185(1) (a) and (b),[1] the following factors must coincide: (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation." *Deutsch v. West Coast Machinery Co., supra,* 80 Wash 2d at 711.

The evidence establishes that Risedorph, a long-time resident of Yamhill County, left her 1975 Cadillac automobile with defendants for storage when she moved to Tacoma, Washington, in 1987. The affidavits filed in opposition to the motion to set aside establish no contacts of any defendant with the State of Washington, except that Darla Baxter and Risedorph's attorney once traveled to Tacoma to meet with Risedorph's guardian *ad litem* "to verify that Mrs. Risedorph was well cared for and that the appointment of a guardian for her was appropriate given her mental and physical condition." No reference is made to any contact with Washington made by any of the defendants relating to the storage of Risedorph's automobile.

The contacts established by the evidence are insufficient to justify the Washington court's exercise of personal

---

[1] RCW 4.28.185 provides, in relevant part:

"(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this state;

"(b) The commission of a tortious act within this state * * *."

jurisdiction over Darla or any other defendants. The affidavits do not establish that defendants either committed any act or consummated any transaction in Washington from which the present claim is derived. Plaintiff's claim arose from a transaction entered into by Risedorph and defendants in Oregon and was litigated in Washington only because Risedorph now makes her home there. That consideration is likewise insufficient to support the exercise of jurisdiction. *DiBernardo-Wallace v. Gullo, supra.*

We deny defendant's motion for a penalty under ORS 19.160.

Affirmed. Motion for penalty pursuant to ORS 19.160 is denied.